# Attachment A

**Raak, Amber M.**

---

| | |
|---|---|
| **To:** | Raak, Amber M. |
| **Subject:** | FW: Activity in Case 1:22-cv-00809-JRR Hanley v. State Farm Mutual Automobile Insurance Company Order on Motion to Dismiss for Failure to State a Claim |

---

**From:** MDD_CM-ECF_Filing@mdd.uscourts.gov <MDD_CM-ECF_Filing@mdd.uscourts.gov>
**Sent:** Wednesday, December 21, 2022 1:27 PM
**To:** MDDdb_ECF@mdd.uscourts.gov
**Subject:** Activity in Case 1:22-cv-00809-JRR Hanley v. State Farm Mutual Automobile Insurance Company Order on Motion to Dismiss for Failure to State a Claim

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Maryland**

## Notice of Electronic Filing

The following transaction was entered on 12/21/2022 at 1:27 PM EST and filed on 12/21/2022

| | |
|---|---|
| **Case Name:** | Hanley v. State Farm Mutual Automobile Insurance Company |
| **Case Number:** | 1:22-cv-00809-JRR |
| **Filer:** | |
| **Document Number:** | 34(No document attached) |

**Docket Text:**
**PAPERLESS ORDER: For the reasons set forth on the record at this mornings oral ruling from the bench, the Motion to Dismiss at ECF [18] is DENIED. Signed by Judge Julie Rebecca Rubin on 12/21/2022. (ybs, Deputy Clerk)**

**1:22-cv-00809-JRR Notice has been electronically mailed to:**

Laura Basem Jacobs ljacobs@budownoble.com, jjohnson@budownoble.com, tstowe@budownoble.com

Peter W Herzog, III pherzog@wtotrial.com, LiCausi@wtotrial.com, blanchard@wtotrial.com

Benjamin S Salsbury bsalsbury@salsburysullivanlaw.com, rdean@salsburysullivanlaw.com, shanley@salsburysullivanlaw.com

Adam Abelson aabelson@zuckerman.com, cdemski@zuckerman.com, dvermilye@zuckerman.com,

jschmidt@zuckerman.com

Marybeth V Gibson mgibson@thefinleyfirm.com, jmorman@thefinleyfirm.com, njackson@thefinleyfirm.com, sbynum@thefinleyfirm.com

Aiza Hussain Siddiqi asiddiqi@zuckerman.com

James Benjamin Finley bfinley@thefinleyfirm.com

Kirkland E Reid kreid@thefinleyfirm.com

N Nickolas Jackson njackson@thefinleyfirm.com

R Brent Irby brent@irbylaw.net

Eric L Robertson robertson@wtotrial.com, miller@wtotrial.com

**1:22-cv-00809-JRR Notice will not be electronically delivered to:**

```
 1                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
 2                         NORTHERN DIVISION

 3
    KENNETH CHARLES HANLEY, on      )
 4  behalf of himself and others    )
    similarly situated,             )
 5                                  )Civil No.
          Plaintiff,                )1:22-cv-0809-JRR
 6                                  )
          vs.                       )
 7                                  )
    STATE FARM AUTOMOBILE INS. CO.  )Baltimore, Maryland
 8                                  )December 22, 2022
          Defendant.                )11:40 a.m.
 9  _____)

10

11             THE ABOVE-ENTITLED TELECONFERENCE CAME ON FOR
                              ORAL RULING
                   BEFORE THE HONORABLE JULIE R. RUBIN
12

13                      A P P E A R A N C E S

14  On Behalf of the Plaintiff:

15        Adam Abelson, Esquire
          Aiza Siddiqi, Esquire
16        Benjamin S. Salsbury, Esquire
          James B. Finley, Esquire
17        Marybeth V. Gibson, Esquire
          R. Brent Irby, Esquire
18        N. Nickolas Jackson, Esquire
          Dylan Elliott, Esquire
19
    On Behalf of the Defendant:
20
          N. Nickolas Jackson, Esquire
21        Laura B. Jacobs, Esquire

22
          (Computer-aided transcription of stenotype notes)
23                          Reported by:
                      Ronda J. Thomas, RMR, CRR
24                    Federal Official Reporter
                  101 W. Lombard Street, 4th Floor
25                    Baltimore, Maryland 21201
```

1    (11:40 a.m. )

2              **THE COURT:**  Good morning, this is Judge Rubin calling

3    the case of Kenneth Hanley, et al. v. State Farm Mutual

4    Automobile Insurance Co., Case 22-cv-809.  Who have I got on

5    the record, please, for Plaintiff?

6              **MR. ABELSON:**  Good morning, Your Honor.  This is Adam

7    Abelson of Zuckerman Spaeder, joined on the line by my

8    colleague Aiza Siddiqi as well as co-counsel Brent Irby, Mary

9    Beth Gibson, Ben Salsbury, Nickolas Jackson, and Dylan Elliott.

10             **THE COURT:**  Welcome, Counsel.  And for defense?

11             **MR. HERZOG:**  Good morning, Your Honor.  This is Peter

12   Herzog on behalf of State Farm.

13             **MS. JACOBS:**  Good morning, Laura Jacobs also on behalf

14   of State Farm.

15             **THE COURT:**  All right.  Is there anyone else that

16   we're waiting for or anyone else on the line?  All right.

17   Thank you all very much.  I do apologize for being late.  I had

18   a matter that ran a little longer than I anticipated.  I

19   appreciate your patience and I'm sorry for having you wait.

20        We're here for me to render an oral ruling on the Motion

21   to Dismiss filed by Defendant at ECF No. 18.  I have reviewed

22   all of the court papers.  I have determined that a hearing is

23   not necessary pursuant to Local Rule 105.6, and I will now

24   relay the ruling of the Court.

25        State Farm Mutual Automobile Insurance Company, or State

1    Farm, is an Illinois corporation with its corporate
2    headquarters is Bloomington, Illinois.  The Defendant is
3    authorized to do business in Maryland and engaged in marketing,
4    sale and issuance of automobile insurance policies in Maryland.
5          As an aside, I will say of course that for purposes of
6    this opinion I have accepted as true the well-pled facts set
7    forth in the Complaint, and these are those facts.
8          Plaintiff, Kenneth Charles Hanley, resides in Maryland and
9    contracted with Defendant for automobile insurance and the
10   action arises from Defendant's alleged, quote, "Improper scheme
11   and uniform business practice of taking improper and arbitrary
12   Typical Negotiation Reduction, as that term is defined, on all
13   Maryland total loss claims in order to systematically
14   undervalue total loss claims and illegally increase Defendant's
15   own profits," end quote.
16         On about March 6, 2019, Plaintiff filed a claim for loss
17   under his State Farm policy.  Under the terms of State Farm's
18   insurance policy with Plaintiff, State Farm had the option
19   either to pay the cost to repair the vehicle minus any
20   deductible or pay the vehicle its pre-accident cash value minus
21   any applicable deductible.
22         State Farm determined that Mr. Hanley's vehicle was a
23   covered vehicle and under the policy declared it a total loss.
24   Once Defendant determines a vehicle is a total loss, Plaintiff
25   alleges that the policy requires the Defendant to pay the

1   actual cash value of the vehicle less any applicable

2   deductible.  State Farm determined the actual cash value by

3   using an Autosource valuation report prepared by an entity

4   called Audatex.

5        Audatex uses a program called "Autosource Market-Driven

6   Valuation" to calculate the value of a total loss vehicle.

7   Plaintiff alleges that Defendant uses the Autosource system to

8   calculate what Defendant then represents to be the actual cash

9   value of the total loss vehicle, and Plaintiff takes issue with

10  the second step of the Autosource calculation where the system

11  reduces the advertised price of each comparable vehicle by a

12  fixed percentage to account for what State Farm asserts is a

13  typical negotiation and this price has been listed as the

14  selling price.

15       Plaintiff alleges that the typical negotiation reduction

16  that Defendant took in calculating the amount to be paid to him

17  was between 6 and 8 percent, ultimately reducing the amount the

18  Defendant paid Plaintiff by $675.75.

19       According to Plaintiff, State Farm's insurance policies

20  don't mention any typical negotiation reduction and they don't

21  authorize it.  Plaintiff alleges that when Defendant utilizes

22  the typical negotiation reduction, the payment for a total loss

23  vehicle is substantially less than the actual cash value and

24  constitutes a methodology that does not produce

25  statistically-valid, fair market values for a substantially

1   similar vehicle.

2        Plaintiff further alleges that the typical negotiation

3   reduction, quote, "Is arbitrarily applied at the universal

4   percentage reduction to any vehicle in a given price range,"

5   end quote.

6        On April 4th of this year, Plaintiff filed this case as a

7   Class action.  The complaint sets forth two causes of action:

8   Breach of contract and declaratory injunction relief.  The

9   prayer for relief seeks certification of the proposed Class,

10  appointment of Class counsel, obviously the Plaintiffs' counsel

11  here today, an order declaring that State Farm's use of a

12  typical negotiation reduction is unlawful, and enjoining the

13  Defendant from engaging in any further unlawful conduct.  Also,

14  an award of damages, plus attorneys' fees, reimbursement of

15  litigation expenses, restitution or disgorgement, and any other

16  relief that the Court deems just and proper.

17       Defendant argues that the Court should dismiss the

18  complaint based upon the first-filed rule:  The first-filed

19  rule is "When multiple suits are filed in different federal

20  courts upon the same factual issues, the first or prior action

21  is permitted to proceed to the exclusion of another

22  subsequently filed," end quote.  That's *Allied-Gen Nuclear*

23  *Services* at 675 F.2d 610, specifically at Footnote 1 at

24  Page 611.  That's out of the Fourth Circuit 1928.

25       The rule requires the second-filed court, quote, "To

1  consider whether the two competing actions are substantively

2  the same or sufficiently similar to come within the ambit of

3  the principle."  That's the *Glodek* case, that's 2020 Westlaw

4  263476, out of this court in 2020, quoting *Scardino* at 2016

5  Westlaw 1321147 out of the District of South Carolina in April

6  of 2016.

7       The purpose of the rule is to avoid duplicative

8  litigation, to conserve judicial resources, and to ensure

9  judicial efficiency, consistency and comity.  That's the *Income*

10 *Tax School* case at 2012 Westlaw 3249547 out of the Eastern

11 District of Virginia in 2012.  Quote, "A district court

12 entertaining a motion pursuant to this rule can exercise its

13 discretionary authority by staying the second case, dismissing

14 it, or transferring it to the forum of the first case."  That's

15 the *Intellor* case at 2019 Westlaw 1643549.  That's out of this

16 court in 2019.

17       There are three non-exhaustive factors to help the Court

18 decide whether two actions are substantively the same.  They

19 are the chronology of the filings, the similarity of the

20 parties involved, and the similarity of the issues at stake.

21 That's on the advice of the *Scardino* case.

22       A Rule 12(b)(6) motion tests the legal sufficiency of a

23 complaint.  It does not resolve contests surrounding the facts,

24 the merits of the claim, or the applicability of defenses.

25 Accordingly, a Rule 12(b)(6) motion should only be granted if

1    after accepting all well-pleaded allegations in the plaintiff's
2    complaint as true and drawing all reasonable factual inferences
3    from those facts in the plaintiff's favor it appears certain
4    that the plaintiff cannot prove any set of facts in support of
5    his claim entitling him to relief.
6         The *Iqbal* case, the often-quoted *Iqbal* case and the
7    *Twombly* cases say that while legal conclusions can provide the
8    framework of a complaint they must be supported by factual
9    allegations.  And turning to *Twombly*, factual allegations must
10   be enough to raise a right to relief above the speculative
11   level on the assumption that all of the allegations in the
12   complaint are true, even if doubtful in fact.  Quote, "A
13   complaint that provides no more than labels and conclusions or
14   formulaic recitation of the elements of a cause of action is
15   insufficient," that's the *Bourgeois* case out of this court
16   3 F.Supp. 3d 423, District of Maryland 2014, quoting *Twombly* at
17   550 U.S., the pincite is Page 555.
18        First I'm going to address the consideration of exhibits.
19   Defendant attached three exhibits to its motion.  Exhibit 1 is
20   the State Farm Car Policy booklet.  Exhibit 2 is the Class
21   Action Complaint in the United States District Court for the
22   Northern District of Illinois, and Exhibit 3 is State Farm's
23   Written Request for Appraisal.
24        In ruling on a 12(b)(6) motion, a court usually does not
25   consider evidence outside of the complaint, but a court may

1  consider documents attached to the complaint as well as

2  documents attached to a motion to dismiss if the document is

3  integral to the complaint and their authenticity is not

4  disputed.

5      An integral document is a document that by its very

6  existence and not the mere information in it -- pardon me.

7      An integral document is a document that by its very

8  existence and not the mere information it contains gives rise

9  to the legal rights asserted, that's the *Chesapeake* case at 794

10  F.Supp. 2d at Page 611.  Quote, "In addition to integral and

11  authentic exhibits, on a 12(b)(6) motion the court may properly

12  take judicial notice of matters of public record."  That is the

13  same case, that's *Chesapeake* at Page 611 quoting *Philips* at 572

14  F.3d 176 at Page 180 out of the Fourth Circuit in 2009.

15      Specifically, the Court may take judicial notice of

16  publicly available information on state and federal government

17  websites without converting a motion to one for summary

18  judgment, that's the *U.S. v. Garcia* case out of the Fourth

19  Circuit in 2017 at 855 F.3d 615.

20      As an initial matter, I do note that Plaintiff attaches

21  two exhibits to his Complaint and pursuant to Federal Rules of

22  Civil Procedure 10(c), I will consider those exhibits as part

23  of the Complaint.

24      As I said, Defendants moved to dismiss the two counts of

25  the Complaint pursuant to 12(b)(6) and customarily I would not

1   be considering documents attached to a motion without

2   converting it to a motion for summary judgment as I've just

3   explained.

4          The Court does find that Exhibit 1 attached to the Motion

5   is integral to the Complaint and Plaintiff does not challenge

6   its authenticity.  The car policy booklet, together with the

7   most recently-issued declarations page, and any endorsements

8   that apply, including those listed on that declarations page as

9   well as those issued in connection with any subsequent renewal

10  of this policy, make up the insurance policies at issue in the

11  Complaint.  Exhibit 1 further provides, quote, "We agree to

12  provide insurance according to the terms of this policy," end

13  quote.

14         The Complaint alleges, quote, "On information and belief,

15  under the terms of State Farm's automobile insurance policies

16  with Plaintiff and the putative Class, when a policyholder

17  files a claim for loss caused to a covered vehicle, the

18  contract gives State Farm the option to either:  A) pay the

19  cost to repair the vehicle minus any deductible; or B) pay the

20  vehicle's pre-accident actual cash value minus any applicable

21  deductible," end quote.

22         Additionally, the Complaint alleges that Plaintiff's

23  vehicle was a covered vehicle and Defendant exercised its

24  option to declare a total loss.  The Defendant's obligations

25  with respect to a claim for a loss of a covered vehicle and its

1  right to declare a covered vehicle a total loss are outlined on

2  Pages 18 to 19 of the car policy booklet.

3      Plaintiff's complaint alleges issues with Defendant's

4  process in calculating the actual cash value which is an

5  obligation by State Farm expressly covered by the terms of the

6  policy.  Accordingly, I do find that the State Farm car policy

7  booklet at Exhibit 1 to the Motion is material to and relied

8  upon in the Complaint because the very term of the contract

9  gives rise to Plaintiff's breach of contract and declaratory

10  relief action or claim.

11      I do also find that Exhibit 1 attached to the motion is

12  integral and authentic and therefore I will consider it on

13  resolution of the Motion pursuant to 12(b)(6).

14      In contrast, I find that Exhibits 2 and 3 are not integral

15  to the Complaint.  With respect to Exhibit 2, the Class action

16  complaint out in Illinois, although Plaintiffs' claims are

17  similar to the claims in Exhibit 2, the Court finds that the

18  Plaintiffs' rights that form the basis of their claims arise

19  out of the very existence -- I should say I do not find that

20  they arise out of the very existence of Exhibit 2.

21      Plaintiffs' rights to bring actions for breach of contract

22  and declaratory relief are based on the terms of a written

23  contract between the parties and it has nothing to do with

24  claims filed by others similarly situated.  Therefore,

25  Exhibit 2 is not integral to the Complaint.  Notwithstanding, I

1  do note that it is a public record on a federal government

2  website.  Accordingly, I will take judicial notice of

3  Exhibit 2, and I may consider it without converting the Motion

4  to a motion for summary judgment.

5       With respect to Exhibit 3, the written request for

6  appraisal that State Farm sent, I find that although the

7  request for appraisal was sent pursuant to the terms of the car

8  policy booklet, the letter itself does not give rise to

9  Plaintiffs' claims.  Indeed Defendant may consider the request

10 important to a potential defense, but Plaintiffs' claims are or

11 the right to bring said claims don't arise at the very

12 existence of the request for appraisal.  Accordingly, I will

13 not consider Exhibit 3 in resolving the Motion.

14      Defendant argues that the Court should dismiss Plaintiffs'

15 complaint based upon that first-filed rule.  In the

16 alternative, Defendant argues that the Court should stay the

17 case, transfer it to the District Court for the Northern

18 District of Illinois.

19      As I've said before, based on this rule, I can exercise my

20 discretion to stay the second case, dismiss it, or transfer it

21 to the forum of the first case.

22      As discussed previously, I consider the following factors:

23 The chronology of the filing, the similarity of the parties

24 involved, and the similarity of the issues involved.

25      With respect to the first factor, it is undisputed that

1  the Williams v. State Farm case pending in the Northern

2  District of Illinois started before this present case.

3  Williams filed his complaint on March 18, 2022, Plaintiff filed

4  in this court on April 4th, 2022.  However, in considering the

5  chronology of the filing, quote, "Priority should not be

6  measured exclusively by which complaint was filed first, but

7  rather in terms of how much progress has been made in the two

8  actions," end quote, that's the *Moses H. Cone Memorial Hospital*

9  case, 460 U.S. 1, 1983.  And I will also command to your

10 attention the *Boatmen's First National Bank* case out of the

11 Eighth Circuit at 57 F.3d 638, again, Eighth Circuit, 1995,

12 acknowledging that the Court must also consider the history of

13 the case and factual circumstances of each case.

14     Moreover, the purpose of the first-filed rule importantly

15 is to ensure judicial efficiency, consistency and comity, as I

16 set forth earlier.

17     The Williams litigation in Illinois is a nationwide Class

18 action where defendants previously requested a stay due to the

19 broad scope of the lawsuit.  The Illinois litigation involves

20 plaintiffs from a multitude of jurisdictions which has resulted

21 in several complex motions pending before that court.  As a

22 result, the Northern District Court for Illinois has

23 temporarily stayed the case until those motions are resolved.

24 The present case involved Maryland plaintiffs only, which is a

25 much smaller scope than the Illinois litigation in terms of the

1  parties.

2       Further, the complexities present in the Illinois case are

3  less prevalent in this case where all plaintiffs are from the

4  same jurisdiction.  This Court is presently able to address the

5  pending motions in this case and move the present litigation

6  along.  Therefore, although the complaint in Williams was filed

7  first, the present case is smaller in scope and it would be far

8  more efficient to keep the present case in Maryland.  Further,

9  I do note if the Court transferred this case to Illinois it

10  would be subject to the stay and ultimately stall this case,

11  not advance it.

12       Accordingly, I decline to dismiss, transfer or stay the

13  case based on the first-filed rule.

14       With respect to the mandatory appraisal issue, the

15  Defendant argues that Plaintiff failed to allege compliance

16  with the mandatory appraisal provision in the policy which is a

17  condition precedent to filing suit.  Quote, "Insurance policies

18  are contracts and are treated and construed like any other

19  contract," end quote, that's the *Continental Casualty Company*

20  *v. Kemper* at 173, Md. App. 542 citing *Harleysville* 393 Maryland

21  83 in 2006 out of the Maryland Court of Appeals.  Therefore,

22  ordinary principles of contract interpretation apply.  When the

23  terms of a contract impose conditions precedent, those

24  conditions have to be filled before the contract becomes

25  enforceable.  Under Maryland law a condition precedent is

1  defined as, quote, "A fact other than the mere lapse of time

2  which unless excused must exist or occur before a duty of

3  immediate performance of a promise arises," that is 270

4  Maryland 178 in 1973, which was quoted by the *Orazi* case out of

5  this court in 2018 at 2018 U.S. District, Lexis 152436, the

6  pincite is Page 12.

7       Although no particular form of words is necessary in order

8  to create an expressed condition, such words and phrases as

9  "if" and "provided that" are commonly used to indicate the

10  performance has expressly been made a condition as had the

11  words "when," "after," "as soon as," or "subject to," that

12  again is from the Court of Appeals in the *Chirichella v. Erwin*

13  270 Md. at pincite Page 182.

14       The provision in the State Farm car policy booklet is,

15  quote, "If there's a disagreement as to the actual cash value

16  of the covered vehicle then the disagreement will be resolved

17  by appraisal upon written request of the owner or us," end

18  quote.

19       The Plaintiff received a letter from State Farm offering

20  payment of the actual cash value which was identified as $8,937

21  as the actual cash value of this vehicle.  I understand the net

22  amount payable to you is listed as $9,083.23.

23       According to the letter, this is Exhibit B, State Farm

24  indicated:  To assist us in determining actual cash value we

25  consider information obtained by our representatives and

1  information provided by you, vehicle valuation services, and

2  other sources.  If now or later you have additional information

3  you wish us to consider or if you believe we have not correctly

4  determined the actual cash value of your vehicle, please

5  contact us.  And then it goes through the math of how it

6  arrived at the net amount to be paid.  And finally, it

7  indicates:  If you have any questions concerning this total

8  loss settlement or any other aspect of your claim please

9  contact us.

10      The letter, although it invites the Plaintiff to contact

11  State Farm if there are any questions or concerns, the letter

12  did not make reference to the report, and instead, as I just

13  relayed from the letter, explained that it based its

14  calculation on -- in a very sort of nondescript general

15  sources.

16      State Farm paid and Plaintiff accepted the net amount

17  payable to him according to that letter, which figured in an

18  actual cash value of $8,937 as the actual cash value for his

19  vehicle.  The transaction was completed absent a disagreement,

20  and Plaintiff does not allege that he had questions or

21  concerns.

22      The Court notes that the pleadings and papers at issue

23  here are silent as to whether Plaintiff had the Autosource

24  market-driven valuation report at the time he received the

25  offer of actual cash value from State Farm.  Construing the

1   facts in the light most favorable to Plaintiff, it appears the

2   transaction -- it appears in the transaction that Plaintiff did

3   not have the report prior to completion of the transaction I

4   should say, pardon me.

5       Discovery may demonstrate that Plaintiff had the report at

6   the time he received the letter from Defendant and Defendant

7   may refile a motion for stay or reraise this issue if it's not

8   resolved on a motion for summary judgment.  Surely, the

9   Plaintiff could have called and invited and inquired as to what

10  Defendant based its calculation on, the papers are silent as to

11  that.  And in any event, at this stage of the proceeding, what

12  the record is, as it is, I do decline to stay or dismiss on

13  this basis.  But as I say, the Defendant may reraise this

14  argument if the course of discovery bears fruit in developing

15  this issue.

16      Additionally, Defendant argues that Plaintiff cannot

17  demonstrate injury or Article III standing because Plaintiff

18  did not comply with the mandatory appraisal provisions.   I

19  disagree.   A party to a breached contract has

20  judicially-cognizable interest for standing purposes,

21  regardless of the merits of the breach alleged.  That's *Stuart*

22  *v. State Farm*, 910 F.3d 371 out of the Eighth Circuit in 2018.

23  Further, in *Nichols v. State Farm* I agree with Judge Morrison

24  there that appraisal may have highlighted a weakness or

25  weakness in the merits of the Plaintiffs' claim.  State Farm's

1  argument conflates Article III standing of injury in fact with

2  an issue on the merits; that of course is the case that I know

3  all on the phone are familiar with it but I will say it for the

4  record, the cite is 2022 Westlaw 6671695 out of the Southern

5  District of Ohio in October of this year.

6       As I've stated, set forth earlier, Plaintiff is not

7  required to comply with the mandatory appraisal provision

8  absent any disagreement, according to the language at issue.

9  An appraisal is not necessary for Plaintiff to establish

10 Article III standing.  Plaintiff alleges injury when Defendant

11 allegedly breached the terms of the contract by basing the

12 actual cash value on what Plaintiff says is information not

13 identified in or allowed by the contract and that he was denied

14 the benefit for which he bargained, the actual cash value of

15 his vehicle.  The Court finds that the mandatory appraisal

16 provision does not impair Plaintiffs' Article III standing.

17      In a footnote, the Defendant asserts that the suit should

18 be dismissed because of the doctrine of first breach.  The

19 doctrine of first breach involves, quote, "A material failure

20 to perform by one party that prevents performance of the other

21 parties' remaining duties from becoming due at least

22 temporarily, and it discharges those duties if it has not been

23 cured during the time in which performance can occur," that's

24 the *Bollech v. Charles County* case out of the Fourth Circuit in

25 2003 at 69 Fed. App'x at 178 and citing the second restatement

1   of contract at § 237 comment A.

2       The Court finds that the mandatory appraisal provision is

3   not invoked without a disagreement about the actual cash value

4   of the vehicle.  The transaction was complete without any

5   disagreement and/or perhaps because Plaintiff had no knowledge

6   of the report, but I don't know this at this point.  In any

7   event, any breach for failure to participate in the appraisal

8   process would not have occurred after State Farm used the

9   typical negotiation reduction and therefore the doctrine of

10  first breach does not apply in my opinion.

11      Defendant further argues that even if the Court finds that

12  the mandatory appraisal provision is not a condition precedent

13  and that Plaintiff does have standing, Plaintiffs' breach of

14  contract action should be dismissed for three reasons:  First,

15  because Plaintiff has no private right of action under the

16  Maryland insurance regs, and even if Plaintiff had a private

17  right of action, Plaintiff failed to exhaust administrative

18  remedies.  Second, Defendant argues that Plaintiffs' breach

19  allegations are insufficient as a matter of law.  And finally,

20  Defendant argues that Plaintiffs' implied covenant claim failed

21  because the expressed contract claim failed.

22      Under Maryland law the elements of a claim for breach of

23  contract include contractual obligation, breach and damages.

24  To state a claim for breach of contract under Maryland law the

25  plaintiff must allege with certainty and definiteness facts

1  showing a contractual obligation owed by the defendant to the

2  plaintiff and a breach of that obligation by the defendant,

3  that's *Continental Masonry* at 279 Md. 476 from 1977.

4     As set forth above, the ordinary principles of contract

5  interpretation apply to insurance policies.  And if there's no

6  ambiguity in the terms of the contract, the Court is required

7  to enforce those terms.  Where contract terms are ambiguous,

8  the contract, quote, "Will be construed liberally in favor of

9  the insured and against the insurer as drafter of the

10  instrument," that's the *Certain Underwriters at Lloyd's* case

11  from the Court of Special Appeals at 254 Md. App. 638.

12     Plaintiff brings one claim for breach of contract premised

13  on three theories:  A violation of an expressed term of the

14  policy, a violation of the Code of Maryland Regulations, and a

15  violation of the implied covenant good faith and fair dealings.

16  Plaintiff alleges -- and I'm going to read fairly prolix from

17  the Complaint itself.  These are Paragraphs 11, 13, 26, 48

18  through 52, 55 and 57 of the Complaint.

19     Plaintiff alleges, and I am quoting, "At all relevant

20  times, Plaintiff maintained, and continues to maintain, an

21  automobile insurance policy from State Farm.  On information

22  and belief, Plaintiff's State Farm automobile insurance policy

23  is a form contract drafted and utilized by State Farm with

24  terms materially identical to the policies of the putative

25  Class members.

1        On information and belief, if State Farm determines that a

2   vehicle is a total loss, meaning that the cost to repair would

3   exceed the vehicle's value, the policies require State Farm to

4   pay the actual cash value of the vehicle minus any applicable

5   deductible.  The term "actual cash value" is not defined in the

6   contract.

7        The parties' insurance policies do not mention any typical

8   negotiation reduction, let alone authorize it.  Likewise,

9   there's no authorization under Maryland law permitting the

10  arbitrary typical negotiation reduction.

11       By applying the typical negotiation reduction to total

12  loss claims filed by Plaintiff and the Class, State Farm

13  breached its duties under the terms of the contract.

14       First, State Farm breached an expressed term of the

15  contract.  Under the expressed terms of the contract, State

16  Farm had a duty to pay Plaintiff and the putative Class the

17  actual cash value minus any applicable deductible of their

18  coverage vehicles that State Farm determined to be a total

19  loss.

20       State Farm itself determined that Plaintiff and the

21  putative Class had suffered a total loss of a covered vehicle

22  or coverage vehicle.  When State Farm paid Plaintiff and the

23  Class, however, it took a deduction for typical negotiation.

24  The typical negotiation reduction is not a legitimate component

25  of actual cash value because, among other things, it is

1  arbitrary, not based on objective or verifiable information,

2  and has no basis in the realities of the marketplace.

3      As described above, State Farm has violated Maryland total

4  loss regulation, and hence breached its contract with its

5  insured by, among other things, not basing its settlement of

6  total loss claims on the basis of the retail value for a

7  substantially similar motor vehicle from a nationally

8  recognized valuation manual or from a computerized database

9  that provides statistically valid fair market values for a

10  substantially similar vehicle.  See COMAR §§ 31.15.12.04-.05.

11      The term "actual cash value" is undefined in the parties'

12  insurance contract that State Farm drafted and its meaning was

13  not resolved explicitly by the parties.  The parties' contract

14  also does not mention or discuss the typical negotiation

15  reduction.  State Farm thus had a duty to act reasonably and

16  refrain from taking opportunistic advantage of Plaintiff and

17  the putative Class when determining the actual cash value of

18  their vehicles."

19      That will conclude my long quote from the complaint.

20      The contract, as alleged by Plaintiff, provides the

21  Defendant had a duty to pay Plaintiff and putative Class

22  members the actual cash value, minus the applicable deductible,

23  of their coverage vehicles that Defendant determined to be a

24  total loss.  Plaintiff clearly alleges the existence of a

25  contract between Plaintiff and Defendant in which Defendant

1   promises to pay the actual cash value of Plaintiff covered

2   vehicle.  Plaintiff alleges the Defendant breached the contract

3   obligation to pay actual cash value by applying that typical

4   negotiation reduction.  Plaintiff further alleges that the

5   typical negotiation reduction is not a legitimate valuation

6   component because it's not based on objective or verifiable

7   information and has no basis in the marketplace.  Further,

8   Plaintiff alleges that the contract doesn't mention typical

9   negotiation reduction and that the Defendant's application of

10  the reduction results in payments substantially less than what

11  the actual cash value really is.  Plaintiff supports this by

12  alleging that Defendant provides no data or explanation of

13  industry practices in its insurance policy or the valuation

14  report to support any typical negotiation reduction.

15      I find that Plaintiff alleges fact sufficient to state a

16  claim for breach of contract.

17      For purposes of completeness, I'm going to address

18  Defendant's remaining arguments as to Plaintiff's breach of

19  contracts claim.

20      First, with respect to the issue of Plaintiff resting on

21  the Maryland insurance regulation, and I will say that there's

22  no contest, Plaintiff does not in fact have that private cause

23  of action or right of action under Maryland insurance regs, and

24  Defendant argues further that even if the regulation is

25  incorporated into the policy that Defendant -- pardon me --

1  Plaintiff has failed to exhaust administrative remedies.

2      Further, Defendant argued that if the breach of contract

3  failed, again we've got the implied covenant of good faith and

4  fair dealing which fails, and in support Defendant relies on

5  that *Arthur* case, 569 F.3d 154 out of the Fourth Circuit in

6  2009.  In *Arthur*, the Court affirmed the lower court's

7  dismissal of the Plaintiffs' claim because the Plaintiffs

8  failed to exhaust administrative remedies under the Maryland

9  insurance code, and the Court reasoned that administrative

10  exhaustion was required because Plaintiffs' claim was dependent

11  on the insurance code and the Plaintiffs would only succeed if

12  they could show that the Defendant violated the code.

13      This case is different.  Plaintiff does not bring a

14  standalone cause of action under COMAR and whether Defendant

15  breached the expressed terms of the contract does not depend on

16  the Maryland insurance code.  Because Plaintiff alleges facts

17  sufficient to state a claim for breach of contract, absent

18  reference to the code, Plaintiff is not required to exhaust

19  administrative remedies under the code in order to sustain its

20  action here.

21      Similarly, the breach of contract claim does not rest

22  solely on the implied covenant of good faith and fair dealing,

23  accordingly the motion as to Count 1 is denied.

24      Defendant argues next as to the declaratory injunction

25  relief count, that's Count 2, that Plaintiff's count fails

1  because it's duplicative of the breach of contract claim.

2  Further, Defendant argues that Plaintiff does not have a

3  standing to bring a claim for future or forward-looking

4  injunctive relief.  Under 28 U.S.C. § 2201 a district court in

5  a case or controversy otherwise within its jurisdiction, like

6  this one, may declare the rights and other legal relations of

7  any interested party seeking such declaration whether or not

8  further relief is or could be sought.  That's the *Penn-America*

9  *Insurance v. Coffey*, 368 F.3d 409 out of the Fourth Circuit in

10  2004.  Quoting that section from 28 U.S.C.

11      A declaratory injunction is appropriate when the judgment

12  will serve a useful purpose in clarifying and settling the

13  legal relations in issue, and when it will terminate and afford

14  relief from uncertainty, insecurity, and controversy giving

15  rise to the proceeding; that's *Centennial Life Insurance v.*

16  *Poston*, 88 F.3d 255 out of the Fourth Circuit in 1996.

17      Further, quoting *Aetna Casualty v. Quarles* at 92 F.2d 321

18  out of the Fourth Circuit in 1937:  "When declaratory relief

19  can be duplicative of claims already alleged, dismissal is

20  warranted," that's pursuant to the *Chevron* case at 113 F.Supp.

21  3d 807 out of the District of Maryland 2015.

22      At a motion to dismiss stage, courts have previously

23  allowed declaratory judgment claims to go forward because

24  dismissing claims at this juncture is generally recognized to

25  be premature and it can unfairly eliminate the possibility of

1    Class-wide relief rendering speculation about duplicative

2    relief inappropriate at this stage or at the inception of a

3    case.

4         Plaintiff requests a declaration on behalf of himself and

5    the Class he seeks to represent, but State Farm's application

6    of the typical negotiation reduction violates State Farm's

7    policies and COMAR and appropriate injunctive relief,

8    equitable, and monetary relief based on and flown out of the

9    declaration that Plaintiff seeks.

10        The success of Plaintiff's breach of contract claim will

11   not necessarily resolve Plaintiff's claim for declaratory

12   relief.  The claim for declaratory relief is distinct from the

13   breach of contract claim because it seeks an injunction to

14   prevent State Farm from applying the typical negotiation

15   reduction when determining the actual cash value of insured

16   vehicles.

17        A declaratory judgment in favor of Plaintiffs would

18   prevent Defendant from violating the policy of further harming

19   Class members, according to Plaintiff.

20        Additionally, Plaintiff alleges that the conduct remains

21   ongoing and there's no indication that Defendant had stopped

22   applying the typical negotiation reduction.  Therefore, the

23   motion as to Count 2, in particular given the juncture of the

24   case, is denied.

25        Defendant next argues that if the Court denies the Motion

1  to Dismiss that I should compel appraisal and stay the action
2  pending the outcome of the appraisal.  In *Nichols*, the Court
3  addressed an identical lawsuit and issues.  As the Court did in
4  *Nichols*, this Court recognizes that State Farm believes the
5  term "actual cash value" properly includes a typical
6  negotiation deduction and the Plaintiff disputes that.

7      The issue in this case centers around the term "actual
8  cash value" and whether the typical negotiation reduction is
9  permitted by the expressed term of the insurance policy.  While
10 I do appreciate that an appraisal may implicate damages, a
11 separate appraisal is not going to alter the nature of the
12 contract dispute in this lawsuit, and therefore I decline to
13 compel an appraisal and stay the proceeding.  For the reasons
14 I've set forth here today on the record, the Motion is denied,
15 and I will issue a separate order accordingly.

16     Counsel, I thank you for being on the record for that,
17 that is the conclusion of the Court's ruling.  If there is
18 nothing else, we can adjourn the proceeding.

19     Does anyone need to be heard?

20         MR. HERZOG:  I do not on behalf of State Farm.

21         THE COURT:  For Plaintiff does anyone need to be
22 heard?

23         MR. ABELSON:  No, nothing.  This is Adam Abelson.
24 Thank you.

25         THE COURT:  All right, Mr. Abelson.

1        And thank you, Mr. Herzog and Ms. Jacobs, for the defense.

2   I wish everyone a pleasant holiday, stay safe, and I will issue

3   an order this afternoon.  Thank you.  Court is adjourned.

4        (All Counsel - "Thank you, Your Honor.")

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4        I, Ronda J. Thomas, Registered Merit Reporter, Certified

 5   Realtime Reporter, in and for the United States District Court

 6   for the District of Maryland, do hereby certify, pursuant to 28

 7   U.S.C. § 753, that the foregoing is a true and correct

 8   transcript of the stenographically-reported proceedings held in

 9   the above-entitled matter and the transcript page format is in

10   conformance with the regulations of the Judicial Conference of

11   the United States.

12

                      Dated this 28th day of December 2022.

13

14

15                    _____

16                    Ronda J. Thomas, RMR, CRR
                      Federal Official Reporter
17

18

19

20

21

22

23

24

25
```

**MR. ABELSON: [2]**
2/6 26/23
**MR. HERZOG: [2]**
2/11 26/20
**MS. JACOBS: [1]**
2/13
**THE COURT: [5]** 2/2
2/10 2/15 26/21 26/25

**$**

**$675.75 [1]** 4/18
**$8,937 [2]** 14/20 15/18
**$9,083.23 [1]** 14/22

**.**

**.05 [1]** 21/10

**1**

**10 [1]** 8/22
**101 [1]** 1/24
**105.6 [1]** 2/23
**11 [1]** 19/17
**113 [1]** 24/20
**11:40 [2]** 1/8 2/1
**12 [7]** 6/22 6/25 7/24
8/11 8/25 10/13 14/6
**13 [1]** 19/17
**1321147 [1]** 6/5
**152436 [1]** 14/5
**154 [1]** 23/5
**1643549 [1]** 6/15
**173 [1]** 13/20
**176 [1]** 8/14
**178 [2]** 14/4 17/25
**18 [3]** 2/21 10/2 12/3
**180 [1]** 8/14
**182 [1]** 14/13
**19 [1]** 10/2
**1928 [1]** 5/24
**1937 [1]** 24/18
**1973 [1]** 14/4
**1977 [1]** 19/3
**1983 [1]** 12/9
**1995 [1]** 12/11
**1996 [1]** 24/16
**1:22-cv-0809-JRR [1]**
1/5

**2**

**2003 [1]** 17/25
**2004 [1]** 24/10
**2006 [1]** 13/21
**2009 [2]** 8/14 23/6
**2012 [2]** 6/10 6/11
**2014 [1]** 7/16
**2015 [1]** 24/21
**2016 [2]** 6/4 6/6
**2017 [1]** 8/19

**2018 [3]** 14/5 14/5
16/22
**2019 [3]** 3/16 6/15
6/16
**2020 [2]** 6/3 6/4
**2022 [5]** 1/8 12/3 12/4
17/4 28/12
**21201 [1]** 1/25
**22 [1]** 1/8
**22-cv-809 [1]** 2/4
**2201 [1]** 24/4
**237 [1]** 18/1
**254 [1]** 19/11
**255 [1]** 24/16
**26 [1]** 19/17
**263476 [1]** 6/4
**270 [2]** 14/3 14/13
**279 [1]** 19/3
**28 [3]** 24/4 24/10 28/6
**28th [1]** 28/12
**2d [1]** 8/10

**3**

**31.15.12.04-.05 [1]**
21/10
**321 [1]** 24/17
**3249547 [1]** 6/10
**368 [1]** 24/9
**371 [1]** 16/22
**393 [1]** 13/20
**3d [2]** 7/16 24/21

**4**

**409 [1]** 24/9
**423 [1]** 7/16
**460 [1]** 12/9
**476 [1]** 19/3
**48 [1]** 19/17
**4th [1]** 1/24 5/6 12/4

**5**

**52 [1]** 19/18
**542 [1]** 13/20
**55 [1]** 19/18
**550 [1]** 7/17
**555 [1]** 7/17
**569 [1]** 23/5
**57 [2]** 12/11 19/18
**572 [1]** 8/13

**6**

**610 [1]** 5/23
**611 [3]** 5/24 8/10 8/13
**615 [1]** 8/19
**638 [2]** 12/11 19/11
**6671695 [1]** 17/4
**675 [1]** 5/23
**69 [1]** 17/25

**7**

**753 [1]** 28/7
**794 [1]** 8/9

**8**

**8 percent [1]** 4/17
**807 [1]** 24/21
**809 [1]** 2/4
**83 [1]** 13/21
**855 [1]** 8/19
**88 [1]** 24/16

**9**

**910 [1]** 16/22
**92 [1]** 24/17

**A**

**a.m [2]** 1/8 2/1
**Abelson [4]** 1/15 2/7
26/23 26/25
**able [1]** 13/4
**about [3]** 3/16 18/3
25/1
**above [5]** 1/10 7/10
19/4 21/3 28/9
**above-entitled [2]**
1/10 28/9
**absent [3]** 15/19 17/8
23/17
**accepted [2]** 3/6 15/16
**accepting [1]** 7/1
**accident [2]** 3/20 9/20
**according [6]** 4/19
9/12 14/23 15/17 17/8
25/19
**accordingly [7]** 6/25
10/6 11/2 11/12 13/12
23/23 26/15
**account [1]** 4/12
**acknowledging [1]**
12/12
**act [1]** 21/15
**action [17]** 3/10 5/7
5/7 5/20 7/14 7/21
10/10 10/15 12/18
18/14 18/15 18/17
22/23 22/23 23/14
23/20 26/1
**actions [4]** 6/1 6/18
10/21 12/8
**actual [30]**
**Adam [1]** 1/15 2/6
26/23
**addition [1]** 8/10
**additional [1]** 15/2
**Additionally [3]** 9/22
16/16 25/20
**address [2]** 7/18 13/4
22/17

**addressed [1]** 26/3
**adjourn [1]** 26/18
**adjourned [1]** 27/3
**administrative [5]**
18/17 23/1 23/8 23/9
23/19
**advance [1]** 13/11
**advantage [1]** 21/16
**advertised [1]** 4/11
**advice [1]** 6/21
**Aetna [1]** 24/17
**affirmed [1]** 23/6
**afford [1]** 24/13
**after [3]** 7/1 14/11 18/8
**afternoon [1]** 27/3
**again [3]** 12/11 14/12
23/3
**against [1]** 19/9
**agree [2]** 9/11 16/23
**aided [1]** 1/22
**Aiza [2]** 1/15 2/8
**al [1]** 2/3
**all [13]** 2/15 2/16 2/17
2/22 3/12 7/1 7/2 7/11
13/3 17/3 19/19 26/25
27/4
**allegations [5]** 7/1 7/9
7/9 7/11 18/19
**allege [3]** 13/15 15/20
18/25
**alleged [4]** 3/10 16/21
21/20 24/19
**allegedly [1]** 17/11
**alleges [18]** 3/25 4/7
4/15 4/21 5/2 9/14 9/22
10/3 17/10 19/16 19/19
21/24 22/22 24/4 22/8
22/15 23/16 25/20
**alleging [1]** 22/12
**Allied [1]** 5/22
**Allied-Gen [1]** 5/22
**allowed [2]** 17/13
24/23
**alone [1]** 20/8
**along [1]** 13/6
**already [1]** 24/19
**also [6]** 2/13 5/13
10/11 12/9 12/12 21/14
**alter [1]** 26/11
**alternative [1]** 11/16
**although [5]** 10/16
11/6 13/6 14/7 15/10
**am [1]** 19/19
**ambiguity [1]** 19/6
**ambiguous [1]** 19/7
**ambit [1]** 6/2
**America [1]** 24/8
**among [2]** 20/25 21/5
**amount [5]** 4/16 4/17

**14/22 15/6 15/16**
**another [1]** 5/21
**anticipated [1]** 2/18
**any [26]** 3/19 3/21 4/1
4/20 5/4 5/13 5/15 7/4
9/7 9/9 9/19 9/20 13/18
15/7 15/8 15/11 16/11
17/8 18/4 18/6 18/7
20/4 20/7 20/17 22/14
24/7
**anyone [4]** 2/15 2/16
26/19 26/21
**apologize [1]** 2/17
**App [2]** 13/20 19/11
**App'x [1]** 17/25
**Appeals [3]** 13/21
14/12 19/11
**appears [3]** 7/3 16/1
16/2
**applicability [1]** 6/24
**applicable [6]** 3/21 4/1
9/20 20/4 20/17 21/22
**application [2]** 22/9
25/5
**applied [1]** 5/3
**apply [4]** 9/8 13/22
18/10 19/5
**applying [4]** 20/11
22/3 25/14 25/22
**appointment [1]** 5/10
**appraisal [20]** 7/23
11/6 11/7 11/12 13/14
13/16 14/17 16/18
16/24 17/7 17/9 17/15
18/2 18/7 18/12 26/1
26/2 26/10 26/11 26/13
**appreciate [2]** 2/19
26/10
**appropriate [2]** 24/11
25/7
**April [3]** 5/6 6/5 12/4
**April 4th [2]** 5/6 12/4
**arbitrarily [1]** 5/3
**arbitrary [3]** 3/11
20/10 21/1
**are [25]** 3/7 5/19 6/1
6/17 6/18 6/19 7/12
10/1 10/14 10/16 10/22
11/10 12/23 13/2 13/3
13/18 13/18 14/9 15/11
15/23 16/10 17/3 18/19
19/7 19/17
**argued [1]** 23/2
**argues [12]** 5/17 11/14
11/16 13/15 16/16
18/11 18/18 18/20
22/24 23/24 24/2 25/25
**argument [2]** 16/14
17/1

**A**

arguments [1]  22/18
arise [3]  10/18 10/20
11/11
arises [2]  3/10 14/3
around [1]  26/7
arrived [1]  15/6
Arthur [2]  23/5 23/6
Article [4]  16/17 17/1
17/10 17/16
as [47]
aside [1]  3/5
aspect [1]  15/8
asserted [1]  8/9
asserts [2]  4/12 17/17
assist [1]  14/24
assumption [1]  7/11
attached [6]  7/19 8/1
8/2 9/1 9/4 10/11
attaches [1]  8/20
attention [1]  12/10
attorneys' [1]  5/14
Audatex [2]  4/4 4/5
authentic [2]  8/11
10/12
authenticity [2]  8/3
9/6
authority [1]  6/13
authorization [1]  20/9
authorize [2]  4/21
20/8
authorized [1]  3/3
automobile [8]  1/7 2/4
2/25 3/4 3/9 9/15 19/21
19/22
Autosource [5]  4/3
4/5 4/7 4/10 15/23
available [1]  8/16
avoid [1]  6/7
award [1]  5/14

**B**

Baltimore [2]  1/7 1/25
Bank [1]  12/10
bargained [1]  17/14
based [10]  5/18 10/22
11/15 11/19 13/13
15/13 16/10 21/1 22/6
25/8
basing [2]  17/11 21/5
basis [5]  10/18 16/13
21/2 21/6 22/7
be [22]  4/8 4/16 6/25
7/8 7/10 9/1 12/5 13/7
13/10 13/24 14/16 15/6
17/18 18/14 19/8 20/18
21/23 24/8 24/19 24/25
26/19 26/21
bears [1]  16/14

because [14]  10/8
16/17 17/18 18/5 18/15
18/21 20/25 22/6 23/7
23/10 23/16 24/1 24/23
25/13
becomes [1]  13/24
becoming [1]  17/21
been [4]  4/13 12/7
14/10 17/22
before [6]  1/11 11/19
12/2 12/21 13/24 14/2
behalf [7]  1/4 1/14
1/19 2/12 2/13 25/4
26/20
being [2]  2/17 26/16
belief [3]  9/14 19/22
20/1
believe [1]  15/3
believes [1]  26/4
Ben [1]  2/9
benefit [1]  17/14
Benjamin [1]  1/16
Beth [1]  2/9
between [2]  4/17
10/23 21/25
Bloomington [1]  3/2
Boatmen's [1]  12/10
Bollech [1]  17/24
booklet [6]  7/20 9/6
10/2 10/7 11/8 14/14
Bourgeois [1]  7/15
breach [23]  5/8 10/9
10/21 16/21 17/18
17/19 18/7 18/10 18/13
18/18 18/22 18/23
18/24 19/2 19/12 22/16
22/18 23/2 23/17 23/21
24/1 25/10 25/13
breached [7]  16/19
17/11 20/13 20/14 21/4
22/2 23/15
Brent [1]  1/17 2/8
bring [4]  10/21 11/11
23/13 24/3
brings [1]  19/12
broad [1]  12/19
business [2]  3/3 3/11

**C**

calculate [2]  4/6 4/8
calculating [2]  4/16
10/4
calculation [3]  4/10
15/14 16/10
called [3]  4/4 4/5 16/9
calling [1]  2/2
CAME [1]  1/10
can [7]  6/12 7/7 11/19
17/23 24/19 24/25

26/18
cannot [2]  7/4 16/16
car [6]  7/20 9/6 10/2
10/6 11/7 14/14
Carolina [1]  6/5
case [45]
cases [1]  7/7
cash [31]
Casualty [2]  13/19
24/17
cause [3]  7/14 22/22
23/14
caused [1]  9/17
causes [1]  5/7
Centennial [1]  24/15
centers [1]  26/7
certain [2]  7/3 19/10
certainty [1]  18/25
CERTIFICATE [1]  27/6
certification [1]  5/9
Certified [1]  28/4
certify [1]  28/6
challenge [1]  9/5
CHARLES [3]  1/3 3/8
17/24
Chesapeake [2]  8/9
8/13
Chevron [1]  24/20
Chirichella [1]  14/12
chronology [3]  6/19
11/23 12/5
Circuit [11]  5/24 8/14
8/19 12/11 12/11 16/22
17/24 23/5 24/9 24/16
24/18
circumstances [1]
12/13
cite [1]  17/4
citing [2]  13/20 17/25
Civil [1]  1/5 8/22
claim [25]  3/16 6/24
7/5 9/17 9/25 10/10
15/8 16/25 18/20 18/21
18/22 18/24 19/12
22/16 22/19 23/7 23/10
23/17 23/21 24/1 24/3
25/10 25/11 25/12
25/13
claims [14]  3/13 3/14
10/16 10/17 10/18
10/24 11/9 11/10 11/11
20/12 21/6 24/19 24/23
24/24
clarifying [1]  24/12
Class [17]  5/7 5/9 5/10
7/20 9/16 10/15 12/17
19/25 20/12 20/16
20/21 20/23 21/17
21/21 25/1 25/5 25/19

Class-wide [1]  25/1
clearly [1]  21/24
co [3]  1/7 2/4 2/8
co-counsel [1]  2/8
code [7]  19/14 23/9
23/11 23/12 23/16
23/18 23/19
Coffey [1]  24/9
cognizable [1]  16/20
colleague [1]  2/8
COMAR [3]  21/10
23/14 25/7
come [1]  6/2
comity [2]  6/9 12/15
command [1]  12/9
comment [1]  18/1
commonly [1]  14/9
Company [2]  2/25
13/19
comparable [1]  4/11
compel [2]  26/1 26/13
competing [1]  6/1
complaint [31]
complete [1]  18/4
completed [1]  15/19
completeness [1]
22/17
completion [1]  16/3
complex [1]  12/21
complexities [1]  13/2
compliance [1]  13/5
comply [2]  16/18 17/7
component [2]  20/24
22/6
Computer [1]  1/22
Computer-aided [1]
1/22
computerized [1]  21/8
concerning [1]  15/7
concerns [2]  15/11
15/21
conclude [1]  21/19
conclusion [1]  26/17
conclusions [2]  7/7
7/13
condition [5]  13/17
13/25 14/8 14/10 18/12
conditions [2]  13/23
13/24
conduct [2]  5/13
25/20
Cone [1]  12/8
Conference [1]  28/10
conflates [1]  17/1
conformance [1]
28/10
connection [1]  9/9
conserve [1]  6/8
consider [12]  6/1 7/25

8/1 8/22 10/12 11/3
11/9 11/13 11/22 12/12
14/25 15/3
consideration [1]  7/18
considering [2]  9/1
12/4
consistency [2]  6/9
12/15
constitutes [1]  4/24
construed [2]  13/18
19/8
Construing [1]  15/25
contact [3]  15/5 15/9
15/10
contains [1]  8/8
contest [1]  22/22
contests [1]  6/23
Continental [2]  13/19
19/3
continues [1]  19/20
contract [44]
contracted [1]  3/9
contracts [2]  13/18
22/19
contractual [2]  18/23
19/1
contrast [1]  10/14
controversy [2]  24/5
24/14
converting [3]  8/17
9/2 11/3
corporate [1]  3/1
corporation [1]  3/1
correct [1]  28/7
correctly [1]  15/3
cost [3]  3/19 9/19 20/2
could [3]  16/9 23/12
24/8
counsel [6]  2/8 2/10
5/10 5/10 26/16 27/4
count [5]  23/23 23/25
23/25 23/25 25/23
counts [1]  8/24
County [1]  17/24
course [3]  3/5 16/14
17/2
court [45]
court's [2]  23/6 26/17
courts [2]  5/20 24/22
covenant [4]  18/20
19/15 23/3 23/22
coverage [2]  20/18
20/22 21/23
covered [9]  3/23 9/17
9/23 9/25 10/1 10/5
14/16 20/21 22/1
create [1]  14/8
CRR [2]  1/23 28/16
cured [1]  17/23

**C**

customarily [1]  8/25
cv [2]  1/5 2/4

**D**

damages [3]  5/14
 18/23 26/10
data [1]  22/12
database [1]  21/8
Dated [1]  28/12
day [1]  28/12
dealing [2]  23/4 23/22
dealings [1]  19/15
December [2]  1/8
 28/12
decide [1]  6/18
declaration [2]  24/7
 25/4 25/9
declarations [2]  9/7
 9/8
declaratory [10]  5/8
 10/9 10/22 23/24 24/11
 24/18 24/23 25/11
 25/12 25/17
declare [3]  9/24 10/1
 24/6
declared [1]  3/23
declaring [1]  5/11
decline [3]  13/12
 16/12 26/12
deductible [8]  3/20
 3/21 4/2 9/19 9/21 20/5
 20/17 21/22
deduction [2]  20/23
 26/6
deems [1]  5/16
defendant [49]
Defendant's [6]  3/10
 3/14 9/24 10/3 22/9
 22/18
defendants [2]  8/24
 12/18
defense [3]  2/10 11/10
 27/1
defenses [1]  6/24
defined [3]  3/12 14/1
 20/5
definiteness [1]  18/25
demonstrate [2]  16/5
 16/17
denied [4]  17/13 23/23
 25/24 26/14
denies [1]  25/25
depend [1]  23/15
dependent [1]  23/10
described [1]  21/3
determined [7]  2/22
 3/22 4/2 15/4 20/18
 20/20 21/23

determines [2]  3/24
 20/1
determining [3]  14/24
 21/17 25/15
developing [1]  16/14
did [4]  15/12 16/2
 16/18 26/3
different [2]  5/19
 23/13
disagree [1]  16/19
disagreement [6]
 14/15 14/16 15/19 17/8
 18/3 18/5
discharges [1]  17/22
discovery [2]  16/5
 16/14
discretion [1]  11/20
discretionary [1]  6/13
discuss [1]  21/14
discussed [1]  11/22
disgorgement [1]  5/15
dismiss [10]  2/21 5/17
 8/2 8/24 11/14 11/20
 13/12 16/12 24/22 26/1
dismissal [2]  23/7
 24/19
dismissed [2]  17/18
 18/14
dismissing [2]  6/13
 24/24
dispute [1]  26/12
disputed [1]  8/4
disputes [1]  26/6
distinct [1]  25/12
district [18]  1/1 1/1
 6/5 6/11 6/11 7/16 7/21
 7/22 11/17 11/18 12/22
 12/22 14/5 17/5 24/4
 24/21 28/5 28/6
DIVISION [1]  1/2
do [14]  2/17 3/3 8/20
 10/6 10/11 10/19 10/23
 11/1 13/9 16/12 20/7
 26/10 26/20 28/6
doctrine [3]  17/18
 17/19 18/9
document [5]  8/2 8/5
 8/5 8/7 8/7
documents [3]  8/1 8/2
 9/1
does [18]  4/24 6/23
 7/24 9/4 9/5 11/8 15/20
 17/16 18/10 18/13
 21/14 22/22 23/13
 23/15 23/21 24/2 26/19
 26/21
doesn't [1]  22/8
don't [4]  4/20 4/20
 11/11 18/6

doubtful [1]  7/12
drafted [2]  19/23
 21/12
drafter [1]  19/9
drawing [1]  7/2
driven [2]  4/5 15/24
due [2]  12/18 17/21
duplicative [4]  6/7
 24/1 24/19 25/1
during [1]  17/23
duties [3]  17/21 17/22
 20/13
duty [4]  14/2 20/16
 21/15 21/21
Dylan [2]  1/18 2/9

**E**

each [2]  4/11 12/13
earlier [1]  12/16 17/6
Eastern [1]  6/10
ECF [1]  2/21
efficiency [2]  6/9
 12/15
efficient [1]  13/8
Eighth [3]  12/11 12/11
 16/22
either [2]  3/19 9/18
elements [2]  7/14
 18/22
eliminate [1]  24/25
Elliott [2]  1/18 2/9
else [3]  2/15 2/16
 26/18
end [8]  3/15 5/5 5/22
 9/12 9/21 12/8 13/19
 14/17
endorsements [1]  9/7
enforce [1]  19/7
enforceable [1]  13/25
engaged [1]  3/3
engaging [1]  5/13
enjoining [1]  5/12
enough [1]  7/10
ensure [2]  6/8 12/15
entertaining [1]  6/12
entitled [2]  1/10 28/9
entitling [1]  7/5
entity [1]  4/3
equitable [1]  25/8
Erwin [1]  14/12
Esquire [10]  1/15 1/15
 1/16 1/16 1/17 1/17
 1/18 1/18 1/20 1/21
establish [1]  17/9
et [1]  2/3
even [4]  7/12 18/11
 18/16 22/24
event [2]  16/11 18/7
everyone [1]  27/2

evidence [1]  7/25
exceed [1]  20/3
exclusion [1]  5/21
exclusively [1]  12/6
excused [1]  14/2
exercise [2]  6/12
 11/19
exercised [1]  9/23
exhaust [4]  18/17 23/1
 23/8 23/18
exhaustion [1]  23/10
exhaustive [1]  6/17
Exhibit [15]  7/19 7/20
 7/22 9/4 9/11 10/7
 10/11 10/15 10/17
 10/20 10/25 11/3 11/5
 11/13 14/23
Exhibit 1 [5]  7/19 9/4
 9/11 10/7 10/11
Exhibit 2 [6]  7/20
 10/15 10/17 10/20
 10/25 11/3
Exhibit 3 [3]  7/22 11/5
 11/13
exhibits [6]  7/18 7/19
 8/11 8/21 8/22 10/14
Exhibits 2 [1]  10/14
exist [1]  14/2
existence [6]  8/6 8/8
 10/19 10/20 11/12
 21/24
expenses [1]  5/15
explained [2]  9/3
 15/13
explanation [1]  22/12
explicitly [1]  21/13
expressed [7]  14/8
 18/21 19/13 20/14
 20/15 23/15 26/9
expressly [2]  10/5
 14/10

**F**

F.2d [2]  5/23 24/17
F.3d [7]  8/14 8/19
 12/11 16/22 23/5 24/9
 24/16
F.Supp [3]  7/16 8/10
 24/20
fact [5]  7/12 14/1 17/1
 22/15 22/22
factor [1]  11/25
factors [2]  6/12 6/12
facts [8]  3/6 3/7 6/23
 7/3 7/4 16/1 18/25
 23/16
factual [5]  5/20 7/2 7/8
 7/9 12/13
failed [7]  13/15 18/17

18/20 18/21 23/1 23/3
 23/8
fails [2]  23/4 23/25
failure [2]  17/19 18/7
fair [5]  4/25 19/15 21/9
 23/4 23/22
fairly [1]  19/16
faith [3]  19/15 23/3
 23/22
familiar [1]  17/3
far [1]  13/7
FARM [43]
Farm's [8]  3/17 4/19
 5/11 7/22 9/15 16/25
 25/5 25/6
favor [3]  7/3 19/8
 25/17
favorable [1]  16/1
Fed [1]  17/25
federal [6]  1/24 5/19
 8/16 8/21 11/1 28/16
fees [1]  5/14
figured [1]  15/17
filed [17]  2/21 3/16 5/6
 5/18 5/18 5/19 5/22
 5/25 10/24 11/15 12/3
 12/3 12/6 12/14 13/6
 13/13 20/12
files [1]  9/17
filing [3]  11/23 12/5
 13/17
filings [1]  6/19
filled [1]  13/24
finally [2]  15/6 18/19
find [7]  9/4 10/6 10/11
 10/14 10/19 11/6 22/15
finds [4]  10/17 17/15
 18/2 18/11
Finley [1]  1/16
first [19]  5/18 5/18
 5/20 6/14 7/18 11/15
 11/21 11/25 12/6 12/10
 12/14 13/7 13/13 17/18
 17/19 18/10 18/14
 20/14 22/20
first-filed [5]  5/18 5/18
 11/15 12/14 13/13
fixed [1]  4/12
Floor [1]  1/24
flown [1]  25/8
following [1]  11/22
footnote [2]  5/23
 17/17
foregoing [1]  28/7
form [3]  10/18 14/7
 19/23
format [1]  28/9
formulaic [1]  7/14
forth [6]  3/7 5/7 12/6

**F**

forth... [3]   17/6 19/4
26/14
forum [2]   6/14 11/21
forward [2]   24/3 24/23
forward-looking [1]
24/3
Fourth [8]   5/24 8/14
8/18 17/24 23/5 24/9
24/16 24/18
framework [1]   7/8
fruit [1]   16/14
further [15]   5/2 5/13
9/11 13/2 13/8 16/23
18/11 22/4 22/7 22/24
23/2 24/2 24/8 24/17
25/18
future [1]   24/3

**G**

Garcia [1]   8/18
Gen [1]   5/22
general [1]   15/14
generally [1]   24/24
Gibson [2]   1/17 2/9
give [1]   11/8
given [2]   5/4 25/23
gives [3]   8/8 9/18 10/9
giving [1]   24/14
Glodek [1]   6/3
go [1]   24/23
goes [1]   15/5
going [4]   7/18 19/16
22/17 26/11
good [7]   2/2 2/6 2/11
2/13 19/15 23/3 23/22
got [2]   2/4 23/3
government [2]   8/16
11/1
granted [1]   6/25

**H**

had [13]   2/17 3/18
14/10 15/20 15/23 16/5
18/5 18/16 20/16 20/21
21/15 21/21 25/21
HANLEY [3]   1/3 2/3
3/8
Hanley's [1]   3/22
Harleysville [1]   13/20
harming [1]   25/18
has [13]   4/13 10/23
12/7 12/20 12/22 14/10
16/19 17/22 18/15 21/2
21/3 22/7 23/1
have [16]   2/4 2/21
2/22 3/6 13/24 15/2
15/3 15/7 16/3 16/9
16/24 18/8 18/13 22/22

having [1]   2/19
he [6]   15/20 15/24
16/6 17/13 17/14 25/5
headquarters [1]   3/2
heard [2]   26/19 26/22
hearing [1]   2/22
held [1]   28/8
help [1]   6/17
hence [1]   21/4
here [5]   2/20 5/11
15/23 23/20 26/14
hereby [1]   28/6
Herzog [2]   2/12 27/1
highlighted [1]   16/24
him [3]   4/16 7/5 15/17
himself [2]   1/4 25/5
his [6]   3/17 7/5 8/21
12/3 15/18 17/15
history [1]   12/12
holiday [1]   27/2
Honor [3]   2/6 2/11
27/4
HONORABLE [1]   1/11
Hospital [1]   12/8
how [2]   12/7 15/5
however [2]   12/4
20/23

**I**

I'm [4]   2/19 7/18 19/16
22/17
I've [4]   9/2 11/19 17/6
26/14
identical [2]   19/24
26/3
identified [2]   14/20
17/13
III [4]   16/17 17/1 17/10
17/16
III standing [4]   16/17
17/1 17/10 17/16
illegally [1]   3/14
Illinois [12]   3/1 3/2
7/22 10/16 11/18 12/2
12/17 12/19 12/22
12/25 13/2 13/9
immediate [1]   14/3
impair [1]   17/16
implicate [1]   26/10
implied [4]   18/20
19/15 23/3 23/22
important [1]   11/10
importantly [1]   12/14
impose [1]   13/23
improper [2]   3/10 3/11
inappropriate [1]   25/2
inception [1]   25/2
include [1]   18/23

includes [1]   26/5
including [1]   9/8
Income [1]   6/9
incorporated [1]
22/25
increase [1]   3/14
Indeed [1]   11/9
indicate [1]   14/9
indicated [1]   14/24
indicates [1]   15/7
indication [1]   25/21
industry [1]   22/13
inferences [1]   7/2
information [12]   8/6
8/8 8/16 9/14 14/25
15/1 15/2 17/12 19/21
20/1 21/1 22/7
initial [1]   8/20
injunction [4]   5/8
23/24 24/11 25/13
injunctive [2]   24/4
25/7
injury [3]   16/17 17/1
17/10
inquired [1]   16/9
INS [1]   1/7
insecurity [1]   24/14
instead [1]   15/12
instrument [1]   19/10
insufficient [2]   7/15
18/19
insurance [25]   2/4
2/25 3/4 3/9 3/18 4/19
9/10 9/12 9/15 13/17
18/16 19/5 19/21 19/22
20/7 21/12 22/13 22/21
22/23 23/9 23/11 23/16
24/9 24/15 26/9
insured [3]   19/9 21/5
25/15
insurer [1]   19/9
integral [8]   8/3 8/5 8/7
8/10 9/5 10/12 10/14
10/25
Intellor [1]   6/15
interest [1]   16/20
interested [1]   24/7
interpretation [2]
13/22 19/5
invited [1]   16/9
invites [1]   15/10
invoked [1]   18/3
involved [4]   6/20
11/24 11/24 12/24
involves [2]   12/19
17/19
Iqbal [2]   7/6 7/6
Irby [2]   1/17 2/8
is [85]

issuance [1]   3/4
issue [13]   4/9 9/10
13/14 15/22 16/7 16/15
17/2 17/8 22/20 24/13
26/7 26/15 27/2
issued [2]   9/7 9/9
issues [5]   5/20 6/20
10/3 11/24 26/3
it [38]
it's [3]   16/7 22/6 24/1
its [19]   3/1 3/20 6/12
7/19 8/5 8/7 9/6 9/23
9/25 15/13 16/10 20/13
21/4 21/4 21/5 21/12
22/13 23/19 24/5
itself [3]   11/8 19/17
20/20

**J**

Jackson [3]   1/18 1/20
2/9
Jacobs [3]   1/21 2/13
27/1
James [1]   1/16
joined [1]   2/7
JRR [1]   1/5
Judge [2]   2/2 16/23
judgment [7]   8/18 9/2
11/4 16/8 24/11 24/23
25/17
judicial [7]   6/8 6/9
8/12 8/15 11/2 12/15
28/10
judicially [1]   16/20
judicially-cognizable
[1]   16/20
JULIE [1]   1/11
juncture [2]   24/24
25/23
jurisdiction [2]   13/4
24/5
jurisdictions [1]   12/20
just [5]   5/16 9/2 15/12

**K**

keep [1]   13/8
Kemper [1]   13/20
KENNETH [3]   1/3 2/3
3/8
know [2]   17/2 18/6
knowledge [1]   18/5

**L**

labels [1]   7/13
language [1]   17/8
lapse [1]   14/1
late [1]   2/17
later [1]   15/2
Laura [2]   1/21 2/13

law [5]   13/25 18/19
18/22 18/24 20/9
lawsuit [3]   12/19 26/3
26/12
least [1]   17/21
legal [5]   6/22 7/7 8/9
24/6 24/13
legitimate [2]   20/24
22/5
less [4]   4/1 4/23 13/3
22/10
let [1]   20/8
letter [8]   11/8 14/19
14/23 15/10 15/11
15/13 15/17 16/6
level [1]   7/11
Lexis [1]   14/5
liberally [1]   19/8
Life [1]   24/15
light [1]   16/1
like [2]   13/18 24/5
Likewise [1]   20/8
line [2]   2/7 2/16
listed [3]   4/13 9/8
14/22
litigation [6]   5/15 6/8
12/17 12/19 12/25 13/5
little [1]   2/18
Lloyd's [1]   19/10
Local [1]   2/23
Lombard [1]   1/24
long [1]   21/19
longer [1]   2/18
looking [1]   24/3
loss [20]   3/13 3/14
3/16 3/23 3/24 4/6 4/9
4/22 9/17 9/24 9/25
10/1 15/8 20/2 20/12
20/19 20/21 21/4 21/6
21/24
lower [1]   23/6

**M**

made [2]   12/7 14/10
maintain [1]   19/20
maintained [1]   19/20
make [2]   9/10 15/12
mandatory [7]   13/14
13/16 16/18 17/7 17/15
18/2 18/12
manual [1]   21/8
March [2]   3/16 12/3
March 18 [1]   12/3
March 6 [1]   3/16
market [4]   4/5 4/25
15/24 21/9
market-driven [2]   4/5
15/24
marketing [1]   3/3

## M

marketplace [2] 21/2 22/7
Mary [1] 2/8
Marybeth [1] 1/17
MARYLAND [26] 1/1 1/7 1/25 3/3 3/4 3/8 3/13 7/16 12/24 13/8 13/20 13/21 13/25 14/4 18/16 18/22 18/24 19/14 20/9 21/3 22/21 22/23 23/8 23/16 24/21 28/6
Masonry [1] 19/3
material [2] 10/7 17/19
materially [1] 19/24
math [1] 15/5
matter [4] 2/18 8/20 18/19 28/9
matters [1] 8/12
may [11] 7/25 8/11 8/15 11/3 11/9 16/5 16/7 16/13 16/24 24/6 26/10
Md [4] 13/20 14/13 19/3 19/11
me [4] 2/20 8/6 16/4 22/25
meaning [2] 20/2 21/12
measured [1] 12/6
members [3] 19/25 21/22 25/19
Memorial [1] 12/8
mention [4] 4/20 20/7 21/14 22/8
mere [3] 8/6 8/8 14/1
Merit [1] 28/4
merits [4] 6/24 16/21 16/25 17/2
methodology [1] 4/24
minus [7] 3/19 3/20 9/19 9/20 20/4 20/17 21/22
monetary [1] 25/8
more [2] 7/13 13/8
Moreover [1] 12/14
morning [4] 2/2 2/6 2/11 2/13
Morrison [1] 16/23
Moses [1] 12/8
most [2] 9/7 16/1
motion [25] 2/20 6/12 6/22 6/25 7/19 7/24 8/2 8/11 8/17 9/1 9/2 9/4 10/7 10/11 10/13 11/3 11/4 11/13 16/7 16/8 23/23 24/22 25/23 25/25 26/14

motions [3] 12/21 12/23 13/5
motor [1] 21/7
move [1] 13/5
moved [1] 8/24
Mr [1] 26/25
Mr. [2] 3/22 27/1
Mr. Hanley's [1] 3/22
Mr. Herzog [1] 27/1
Ms. [1] 27/1
Ms. Jacobs [1] 27/1
much [3] 2/17 12/7 12/25
multiple [1] 5/19
multitude [1] 12/20
must [5] 7/8 7/9 12/12 14/2 18/25
Mutual [2] 2/3 2/25
my [4] 2/7 11/19 18/10 21/19

## N

National [1] 12/10
nationally [1] 21/7
nationwide [1] 12/17
nature [1] 26/11
necessarily [1] 25/11
necessary [3] 2/23 14/7 17/9
need [2] 26/19 26/21
negotiation [23] 3/12 4/13 4/15 4/20 4/22 5/2 5/12 18/9 20/8 20/10 20/11 20/23 20/24 21/14 22/4 22/5 22/9 22/14 25/6 25/14 25/22 26/6 26/8
net [3] 14/21 15/6 15/16
next [2] 23/24 25/25
Nichols [3] 16/23 26/2 26/4
Nickolas [3] 1/18 1/20 2/9
no [14] 1/5 2/21 7/13 14/7 18/5 18/15 19/5 20/9 21/2 22/7 22/12 22/22 25/21 26/23
non [1] 6/17
non-exhaustive [1] 6/17
nondescript [1] 15/14
NORTHERN [5] 1/2 7/22 11/17 12/1 12/22
not [50]
note [3] 8/20 11/1 13/9
notes [1] 1/22 15/22
nothing [3] 10/23 26/18 26/23

notice [3] 8/12 8/15 11/2
Notwithstanding [1] 10/25
now [2] 2/23 15/2
Nuclear [1] 5/22

## O

objective [2] 21/1 22/6
obligation [5] 10/5 18/23 19/1 19/2 22/3
obligations [1] 9/24
obtained [1] 14/25
obviously [1] 5/10
occur [2] 14/2 17/23
occurred [1] 18/8
October [1] 17/5
offer [1] 15/25
offering [1] 14/19
Official [3] 1/24 28/1 28/16
often [1] 7/6
often-quoted [1] 7/6
Ohio [1] 17/5
Once [1] 3/24
one [4] 8/17 17/20 19/12 24/6
ongoing [1] 25/21
only [3] 6/25 12/24 23/11
opinion [2] 3/6 18/10
opportunistic [1] 21/16
option [3] 3/18 9/18 9/24
oral [2] 1/11 2/20
Orazi [1] 14/4
order [6] 3/13 5/11 14/7 23/19 26/15 27/3
ordinary [2] 13/22 19/4
other [9] 5/15 13/18 14/1 15/2 15/8 17/20 20/25 21/5 24/6
others [2] 1/4 10/24
otherwise [1] 24/5
our [1] 14/25
out [23] 5/24 6/4 6/5 6/10 6/15 7/15 8/14 8/18 10/16 10/19 10/20 12/10 13/21 14/4 16/22 17/4 17/24 23/5 24/9 24/16 24/18 24/21 25/8
outcome [1] 26/2
outlined [1] 10/1
outside [1] 7/25
owed [1] 19/1
own [1] 3/15
owner [1] 14/17

## P

page [10] 5/24 7/17 8/10 8/13 8/14 9/7 9/8 14/6 14/13 28/9
Page 12 [1] 14/6
Page 180 [1] 8/14
Page 182 [1] 14/13
Page 555 [1] 7/17
Page 611 [3] 5/24 8/10 8/13
Pages [1] 10/2
Pages 18 [1] 10/2
paid [5] 4/16 4/18 15/6 15/16 20/22
papers [3] 2/22 15/22 16/10
Paragraphs [1] 19/17
pardon [3] 8/6 16/4 22/25
part [1] 8/22
participate [1] 18/7
particular [2] 14/7 25/23
parties [5] 6/20 10/23 11/23 13/1 21/13
parties' [4] 17/21 20/7 21/11 21/13
party [3] 16/19 17/20 24/7
patience [1] 2/19
pay [10] 3/19 3/20 3/25 9/18 9/19 20/4 20/16 21/21 22/1 22/3
payable [2] 14/22 15/17
payment [2] 4/22 14/20
payments [1] 22/10
pending [4] 12/1 12/21 13/5 26/2
Penn [1] 24/8
Penn-America [1] 24/8
percent [1] 4/17
percentage [2] 4/12 5/4
perform [1] 17/20
performance [4] 14/3 14/10 17/20 17/23
perhaps [1] 18/5
permitted [2] 5/21 20/9
permitting [1] 20/9
Peter [1] 2/11
Philips [1] 8/13
phone [1] 17/3
phrases [1] 14/8
pincite [3] 7/17 14/6 14/13

plaintiff [75]
plaintiff's [10] 7/1 7/3 9/22 10/3 10/9 19/22 22/18 23/25 25/10 25/11
plaintiffs [6] 12/20 12/24 13/3 23/7 23/11 25/17
Plaintiffs' [14] 5/10 10/16 10/18 10/21 11/9 11/10 11/14 16/25 17/16 18/13 18/18 18/20 23/7 23/10
pleaded [1] 7/1
pleadings [1] 15/22
pleasant [1] 27/2
please [3] 2/5 15/4 15/8
pled [1] 3/6
plus [1] 5/14
point [1] 18/6
policies [10] 3/4 4/19 9/10 9/15 13/17 19/5 19/24 20/3 20/7 25/7
policy [21] 3/17 3/18 3/23 3/25 7/20 9/6 9/10 9/12 10/2 10/6 10/6 11/8 13/16 14/14 19/14 19/21 19/22 22/13 22/25 25/18 26/9
policyholder [1] 9/16
possibility [1] 24/25
Poston [1] 24/16
potential [1] 11/10
practice [1] 3/11
practices [1] 22/13
prayer [1] 5/9
pre [2] 3/20 9/20
pre-accident [2] 3/20 9/20
precedent [4] 13/17 13/23 13/25 18/12
premature [1] 24/25
premised [1] 19/12
prepared [1] 4/3
present [6] 12/2 12/24 13/2 13/5 13/7 13/8
presently [1] 13/4
prevalent [1] 13/3
prevent [2] 25/14 25/18
prevents [1] 17/20
previously [3] 11/22 12/18 24/22
price [4] 4/11 4/13 4/14 5/4
principle [1] 6/3
principles [2] 13/22 19/4

Kenneth Charles Hanley v.
State Farm Automobile Insurance Co.

Oral Ruling - Teleconference - 12/22/2022

## P

**prior [2]** 5/20 16/3
**Priority [1]** 12/5
**private [3]** 18/15 18/16 22/22
**Procedure [1]** 8/22
**proceed [1]** 5/21
**proceeding [4]** 16/11 24/15 26/13 26/18
**proceedings [1]** 28/8
**process [1]** 10/4 18/8
**produce [1]** 4/24
**profits [1]** 3/15
**program [1]** 4/5
**progress [1]** 12/7
**prolix [1]** 19/16
**promise [1]** 14/3
**promises [1]** 22/1
**proper [1]** 5/16
**properly [2]** 8/11 26/5
**proposed [1]** 5/9
**prove [1]** 7/4
**provide [2]** 7/7 9/12
**provided [2]** 14/9 15/1
**provides [5]** 7/13 9/11 21/9 21/20 22/12
**provision [6]** 13/16 14/14 17/7 17/16 18/2 18/12
**provisions [1]** 16/18
**public [2]** 8/12 11/1
**publicly [1]** 8/16
**purpose [3]** 6/7 12/14 24/12
**purposes [3]** 3/5 16/20 22/17
**pursuant [8]** 2/23 6/12 8/21 8/25 10/13 11/7 24/20 28/6
**putative [9]** 9/16 19/24 20/16 20/21 21/17 21/21

## Q

**Quarles [1]** 24/17
**questions [3]** 15/7 15/11 15/20
**quote [23]** 3/10 3/15 5/3 5/5 5/22 5/25 6/11 7/12 8/10 9/11 9/13 9/14 9/21 12/5 12/8 13/17 13/19 14/1 14/15 14/18 17/19 19/8 21/19
**quoted [2]** 7/6 14/4
**quoting [6]** 6/4 7/16 8/13 19/19 24/10 24/17

## R

**raise [1]** 7/10

**ran [1]** 2/18
**range [1]** 5/4
**rather [1]** 12/7
**read [1]** 19/16
**realities [1]** 21/2
**really [1]** 22/11
**Realtime [1]** 28/5
**reasonable [1]** 7/2
**reasonably [1]** 21/15
**reasoned [1]** 23/9
**reasons [2]** 18/14 26/13
**received [3]** 14/19 15/24 16/6
**recently [1]** 9/7
**recently-issued [1]** 9/7
**recitation [1]** 7/14
**recognized [2]** 21/8 24/24
**recognizes [1]** 26/4
**record [7]** 2/5 8/12 11/1 16/12 17/4 26/14 26/16
**reduces [1]** 4/11
**reducing [1]** 4/17
**reduction [22]** 3/12 4/15 4/20 4/22 5/3 5/4 5/12 18/9 20/8 20/10 20/11 20/24 21/15 22/4 22/5 22/9 22/10 22/14 25/6 25/15 25/22 26/8
**reference [2]** 15/12 23/18
**refile [1]** 16/7
**refrain [1]** 21/16
**regardless [1]** 16/21
**Registered [1]** 28/4
**regs [2]** 18/16 22/23
**regulation [3]** 21/4 22/21 22/24
**regulations [2]** 19/14 28/10
**reimbursement [1]** 5/14
**relations [2]** 24/6 24/13
**relay [1]** 2/24
**relayed [1]** 15/13
**relevant [1]** 19/19
**relied [1]** 10/7
**relief [18]** 5/8 5/9 5/16 7/5 7/10 10/10 10/22 23/25 24/4 24/8 24/14 24/18 25/1 25/2 25/7 25/8 25/12 25/12
**relies [1]** 23/4
**remaining [1]** 17/21 22/18

**remains [1]** 25/20
**remedies [4]** 18/18 23/1 23/8 23/19
**render [1]** 2/20
**rendering [1]** 25/1
**renewal [1]** 9/9
**repair [3]** 3/19 9/19 20/2
**report [7]** 4/3 15/12 15/24 16/3 16/5 18/6 22/14
**reported [2]** 1/23 28/8
**Reporter [5]** 1/24 28/1 28/4 28/5 28/16
**represent [1]** 25/5
**representatives [1]** 14/25
**represents [1]** 4/8
**request [6]** 7/23 11/5 11/7 11/9 11/12 14/17
**requested [1]** 12/18
**requests [1]** 25/4
**require [1]** 20/3
**required [4]** 17/7 19/6 23/10 23/18
**requires [2]** 3/25 5/25
**reraise [2]** 16/7 16/13
**resides [1]** 3/8
**resolution [1]** 10/13
**resolve [2]** 6/23 25/11
**resolved [4]** 12/23 14/16 16/8 21/13
**resolving [1]** 11/13
**resources [1]** 6/18
**respect [6]** 9/25 10/15 11/5 11/25 13/14 22/20
**rest [1]** 23/21
**restatement [1]** 17/25
**resting [1]** 22/20
**restitution [1]** 5/15
**result [1]** 12/22
**resulted [1]** 12/20
**results [1]** 22/10
**retail [1]** 21/6
**reviewed [1]** 2/21
**right [9]** 2/15 2/16 7/10 10/1 11/11 18/15 18/17 22/23 26/25
**rights [4]** 8/9 10/18 10/21 24/6
**rise [4]** 8/8 10/9 11/8 24/15
**RMR [2]** 1/23 28/16
**Ronda [3]** 1/23 28/4 28/16
**RUBIN [2]** 1/11 2/2
**rule [12]** 2/23 5/18 5/19 5/25 6/7 6/12 6/22 6/25 11/15 11/19 12/14

13/13
**Rules [1]** 8/21
**ruling [5]** 1/11 2/20 2/24 7/24 26/17

## S

**safe [1]** 27/2
**said [3]** 8/24 11/11 11/19
**sale [1]** 3/4
**Salsbury [2]** 1/16 2/9
**same [5]** 5/20 6/2 6/18 8/13 13/4
**say [3]** 3/5 7/7 10/19 16/4 16/13 17/3 22/21
**says [1]** 17/12
**Scardino [2]** 6/4 6/21
**scheme [1]** 3/10
**School [1]** 6/10
**scope [3]** 12/19 12/25 13/7
**second [6]** 4/10 5/25 6/13 11/20 17/25 18/18
**second-filed [1]** 5/25
**section [1]** 24/10
**See [1]** 21/10
**seeking [1]** 24/7
**seeks [4]** 5/9 25/5 25/9 25/13
**selling [1]** 4/14
**sent [2]** 11/6 11/7
**separate [2]** 26/11 26/15
**serve [1]** 24/12
**services [2]** 5/23 15/1
**set [6]** 3/6 7/4 12/16 17/6 19/4 26/14
**sets [1]** 5/7
**settlement [2]** 15/8 21/5
**settling [1]** 24/12
**several [1]** 12/21
**should [10]** 5/17 6/25 10/19 11/14 11/16 12/5 16/4 17/17 18/14 26/1
**show [1]** 23/12
**showing [1]** 19/1
**Siddiqi [2]** 1/15 2/8
**silent [1]** 15/23 16/10
**similar [5]** 5/1 6/2 10/17 21/7 21/10
**similarity [4]** 6/19 6/20 11/23 11/24
**similarly [3]** 1/4 10/24 23/21
**situated [1]** 1/4 10/24
**smaller [2]** 12/25 13/7
**solely [1]** 23/22
**soon [1]** 14/11

**sorry [1]** 2/19
**sort [1]** 15/14
**sought [1]** 24/8
**sources [2]** 15/2 15/15
**South [1]** 6/5
**Southern [1]** 17/4
**Spaeder [1]** 2/7
**Special [1]** 19/11
**specifically [2]** 5/23 8/15
**speculation [1]** 25/1
**speculative [1]** 7/10
**stage [3]** 16/11 24/22 25/2
**stake [1]** 6/20
**stall [1]** 13/10
**standalone [1]** 23/14
**standing [7]** 16/17 16/20 17/1 17/10 17/16 18/13 24/3
**started [1]** 12/2
**state [55]**
**stated [1]** 17/6
**STATES [4]** 1/7 7/21 28/5 28/11
**statistically [2]** 4/25 21/9
**statistically-valid [1]** 4/25
**stay [10]** 11/16 11/20 12/18 13/10 13/12 16/7 16/12 26/1 26/13 27/2
**stayed [1]** 12/23
**staying [1]** 6/13
**stenographically [1]** 28/8
**stenographically-repo rted [1]** 28/8
**stenotype [1]** 1/22
**step [1]** 4/10
**stopped [1]** 25/21
**Street [1]** 1/24
**Stuart [1]** 16/21
**subject [2]** 13/10 14/11
**subsequent [1]** 9/9
**subsequently [1]** 5/22
**substantially [5]** 4/23 4/25 21/7 21/10 22/10
**substantively [2]** 6/1 6/18
**succeed [1]** 23/11
**success [1]** 25/10
**such [2]** 14/8 24/7
**suffered [1]** 20/21
**sufficiency [1]** 6/22
**sufficient [2]** 22/15 23/17
**sufficiently [1]** 6/2

Ronda J. Thomas, RMR, CRR - Federal Official Reporter                (34)

**S**

suit [2]  13/17 17/17
suits [1]  5/19
summary [4]  8/17 9/2 11/4 16/8
support [3]  7/4 22/14 23/4
supported [1]  7/8
supports [1]  22/11
Surely [1]  16/8
surrounding [1]  6/23
sustain [1]  23/19
system [2]  4/7 4/10
systematically [1] 3/13

**T**

take [3]  8/12 8/15 11/2
takes [1]  4/9
taking [2]  3/11 21/16
Tax [1]  6/10
TELECONFERENCE [1]  1/10
temporarily [2]  12/23 17/22
term [9]  3/12 10/8 19/13 20/5 20/14 21/11 26/5 26/7 26/9
terminate [1]  24/13
terms [17]  3/17 9/12 9/15 10/5 10/22 11/7 12/7 12/25 13/23 17/11 19/6 19/7 19/7 19/24 20/13 20/15 23/15
tests [1]  6/22
than [6]  2/18 4/23 7/13 12/25 14/1 22/10
thank [6]  2/17 26/16 26/24 27/1 27/3 27/4
that [105]
that's [22]  5/22 5/24 6/3 6/3 6/9 6/14 6/15 6/21 7/15 8/9 8/13 8/18 12/8 13/19 16/21 17/23 19/3 19/10 23/25 24/8 24/15 24/20
their [5]  8/3 10/18 20/17 21/18 21/23
then [3]  4/8 14/16 15/5
theories [1]  19/13
there [5]  2/15 6/17 15/11 16/24 26/17
there's [5]  14/15 19/5 20/9 22/21 25/21
therefore [7]  10/12 10/24 13/6 13/21 18/9 25/22 26/12
these [2]  3/7 19/17
they [5]  4/20 6/18 7/8

things [2]  20/25 21/5
this [44]
Thomas [3]  1/23 28/4 28/16
those [9]  3/7 7/3 8/22 9/8 9/9 12/23 13/23 17/22 19/7
three [6]  6/17 7/19 18/14 19/13
through [2]  15/5 19/18 19/22
thus [1]  21/15
time [4]  14/1 15/24 16/6 17/23
times [1]  19/20
today [2]  5/11 26/14
together [1]  9/6
took [2]  4/16 20/23
total [17]  3/13 3/14 3/23 3/24 4/6 4/9 4/22 9/24 10/1 15/7 20/2 20/11 20/18 20/21 21/3 21/6 21/24
transaction [5]  15/19 16/2 16/2 16/3 18/4
transcript [2]  28/8 28/9
transcription [1]  1/22
transfer [3]  11/17 11/20 13/12
transferred [1]  13/9
transferring [1]  6/14
treated [1]  13/18
true [4]  3/6 7/2 7/12 28/7
turning [1]  7/9
two [6]  5/7 6/1 6/18 8/21 8/24 12/7
Twombly [3]  7/7 7/9 7/16
typical [23]  3/12 4/13 4/15 4/20 4/22 5/2 5/12 18/9 20/7 20/10 20/11 20/23 20/24 21/14 22/3 22/5 22/8 22/14 25/6 25/14 25/22 26/5 26/8

**U**

U.S [4]  7/17 8/18 12/9 14/5
U.S.C [3]  24/4 24/10 28/7
ultimately [2]  4/17 13/10
uncertainty [1]  24/14
undefined [1]  21/11
under [16]  3/17 3/17 3/23 9/15 13/25 18/15 18/22 18/24 20/9 20/13

20/15 22/23 23/8 23/14 23/19 24/4
understand [1]  14/21
undervalue [1]  3/14
Underwriters [1] 19/10
undisputed [1]  11/25
unfairly [1]  24/25
uniform [1]  3/11
UNITED [4]  1/1 7/21 28/5 28/11
universal [1]  5/3
unlawful [2]  5/12 5/13
unless [1]  14/2
until [1]  12/23
up [1]  9/10
upon [5]  5/18 5/20 10/8 11/15 14/17
us [5]  14/17 14/24 15/3 15/5 15/9
use [1]  5/11
used [2]  14/9 18/8
useful [1]  24/12
uses [2]  4/5 4/7
using [1]  4/3
usually [1]  7/24
utilized [1]  19/23
utilizes [1]  4/21

**V**

valid [2]  4/25 21/9
valuation [7]  4/3 4/6 15/1 15/24 21/8 22/5 22/13
value [34]
values [2]  4/25 21/9
vehicle [32]
vehicle's [2]  9/20 20/3
vehicles [4]  20/18 21/18 21/23 25/16
verifiable [2]  21/1 22/6
very [8]  2/17 8/5 8/7 10/8 10/19 10/20 11/11 15/14
violated [2]  21/3 23/12
violates [1]  25/6
violating [1]  25/18
violation [3]  19/13 19/14 19/15
Virginia [1]  6/11
vs [1]  1/6

**W**

wait [1]  2/19
waiting [1]  2/16
warranted [1]  24/20
was [14]  3/22 4/17 9/23 11/7 12/6 13/6 14/4 14/20 15/19 17/13

20/15 22/23 23/8 23/14 23/19 24/4
we [4]  9/11 14/24 15/3 26/18
we're [2]  2/16 2/20
we've [1]  23/3
weakness [2]  16/24 16/25
website [1]  11/2
websites [1]  8/17
Welcome [1]  2/10
well [5]  2/8 3/6 7/1 8/1 9/9
well-pleaded [1]  7/1
well-pled [1]  3/6
Westlaw [5]  6/3 6/5 6/10 6/15 17/4
what [6]  4/8 4/12 16/9 16/11 17/12 22/10
when [12]  4/21 5/19 9/16 13/22 14/11 17/10 20/22 21/17 24/11 24/13 24/18 25/15
where [4]  4/10 12/18 13/3 19/7
whether [6]  6/1 6/18 15/23 23/14 24/7 26/8
which [13]  10/4 12/6 12/20 12/24 13/16 14/2 14/4 14/20 15/17 17/14 17/23 21/25 23/4
while [2]  7/7 26/9
Who [1]  2/4
wide [1]  25/1
will [17]  2/23 3/5 8/22 10/12 11/2 11/12 12/9 14/16 17/3 19/8 21/19 22/21 24/12 24/13 25/10 26/15 27/2
Williams [4]  12/1 12/3 12/17 13/6
wish [2]  15/3 27/2
within [2]  6/2 24/5
without [5]  8/17 9/1 11/3 18/3 18/4
words [3]  14/7 14/8 14/11
would [7]  8/25 13/7 13/10 18/8 20/2 23/11 25/17
written [4]  7/23 10/22 11/5 14/17

**Y**

year [2]  5/6 17/5
you [13]  2/17 2/19 14/22 15/1 15/2 15/3 15/3 15/7 26/16 26/24 27/1 27/3 27/4
your [7]  2/6 2/11 2/19

12/9 15/4 15/8 27/4

**Z**

Zuckerman [1]  2/7