UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

YASMIN VARELA,

                Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant.

Civil No. 22-970 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR APPEAL**

David W. Asp, Eura Chang, Karen Hanson Riebel, Kate M. Baxter-Kauf, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; James Benjamin Finley, MaryBeth V. Gibson, N. Nickolas Jackson, **THE FINLEY FIRM, P.C.**, 200 Thirteenth Street, Columbus, GA 31901; Paul J. Phelps, **SAWICKI & PHELPS**, 5758 Blackshire Path, Inver Grove Heights, MN 55076; R. Brent Irby, **IRBY LAW, LLC**, 2201 Arlington Avenue South, Birmingham, AL 35205, for plaintiff.

Douglas R. Boettge, Kelly Maxwell, Todd A. Noteboom, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for defendant.

Plaintiff Yasmin Varela, on behalf of herself and a putative class, brought this action against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, violation of the Minnesota Consumer Fraud Act, and declaratory and injunctive relief. Varela's claims stem from an alleged illegal practice whereby State Farm

reduces the contractual amount it owes insureds to take a "typical negotiation" deduction when an insured is involved in an accident and State Farm declares their vehicle a total loss. The Court dismissed all but the Minnesota Consumer Fraud Act ("MCFA") claim upon State Farm's motion to dismiss, finding that Varela had alleged sufficient facts to support the fraud claim and that the claim was not limited by the No-Fault Act or the insurance policy's one-year time period provision. State Farm has appealed the Court's denial of State Farm's motion and that appeal is based on Varela's alleged failure to arbitrate the MCFA claim.

State Farm has now filed a motion for a separate interlocutory appeal, urging the Court to exercise its discretion and certify for interlocutory appeal its finding that Varela adequately pled a MCFA violation. State Farm also requests that the Court stay proceedings pending the resolution of State Farm's existing appeal, and if granted, the interlocutory appeal. State Farm primarily argues that such certification is necessary because an Eighth Circuit decision reversing the Court's decision would terminate the case while still in the early stages, and because the Court's decision created an intra-district split of authority. Because the Court finds that State Farm has failed to show that the order involves a controlling question of law or that there are substantial grounds for a difference of opinion, the Court will deny the motion. However, the Court will stay proceedings while State Farm pursues its existing appeal of the denial in part of its Motion to Dismiss, addressing the arbitration claim.

**BACKGROUND**

The Court has previously explained the factual history of this litigation and need not detail it again here. *See Varela v. State Farm Mut. Auto. Ins. Co.* ("*February 13 Order*"), No. 22-970, 2023 WL 1971753, at *1–3 (D. Minn. Feb. 13, 2023). Varela brought five causes of action. *Id.* at *3. Relevant to this motion, Varela alleged a violation of MCFA, asserting that State Farm knowingly and intentionally misrepresents, omits, conceals, and fails to disclose material facts regarding its application of the "typical negotiation" deduction. *Id.* The Court denied State Farm's motion to dismiss Varela's MCFA claim in an order (the "February 13 Order"), finding that claims alleging broad consumer fraud are generally not subject to the No-Fault Act's arbitration mandate. *Id.* at *4 (citing *Liberty Auto Glass, Inc. v. Allstate Fire & Cas. Ins. Co.*, No. 06-4491, 2007 WL 1582879, at *1, 3 (D. Minn. May 30, 2007)). The Court further held that the insurance policy's one-year limitations clause was not enforceable based on State Farm's superior bargaining power and the fraud allegation's central premise "that, in determining actual cash value of a total loss vehicle, State Farm omits material facts from its insureds and fails to explain the systematic reduction of the actual cash value by approximately eight to nine percent." *Id.* at *6.

On the substance of the fraud claim, the Court held that Varela adequately pled a MCFA violation. *Id.* at *7. Varela sufficiently pled that State Farm had specialized knowledge of material facts giving rise to a duty to disclose and that State Farm made an affirmative misrepresentation because the policy expressly states that it will pay out

-3-

actual cash value if an insured vehicle is determined to be a total loss. *Id.* Varela adequately pled public benefit because the "typical negotiation" deduction is systematic and because relief sought would affect all contracts with insureds. *Id.*

On February 21, 2023, State Farm sought to file a motion to reconsider the Court's February 13 Order, which the Court denied. (Order Den. Permission to Reconsider at 1, Mar. 6, 2023, Docket No. 44.) State Farm then appealed this Court's February 13 Order as it pertains to the Court's finding that the No-Fault Act's arbitration mandate does not apply to consumer claims. (Appeal Notice at 1, Mar. 15, 2023, Docket No. 47.)

Though the Eighth Circuit is already considering whether the Court erred in denying State Farm's request to arbitrate Varela's claims pursuant to the No-Fault Act, State Farm asks the Court to certify for interlocutory appeal the underlying substantive issue: whether Varela adequately pled a MCFA violation. (Mot. Interlocutory Appeal, Apr. 13, 2023, Docket No. 56; Def.'s Mem. Supp. Mot. Interlocutory Appeal ("Def.'s Mem.") at 2, Apr. 13, 2023, Docket No. 58.) If the Court grants State Farm's motion to certify for interlocutory appeal, the Eighth Circuit may consider both the arbitration issue and whether the Court properly found that Varela plausibly stated a claim to relief under the MCFA. State Farm argues that the issue satisfies the requirements of 28 U.S.C. § 1292(b) for certification because whether Varela pled a viable MCFA claim is a controlling question of law, there is a substantial ground for difference of opinion because the February 13 Order "creates an intra-district split of authority," and because immediate appeal from

the February 13 Order would dispose of the case if the Eighth Circuit finds for State Farm. (Def.'s Mem at 3–7.)  Varela opposes the motion, asserting that this matter is not a controlling issue of law, there is not substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of the litigation.  (*See generally* Pl.'s Mem. Opp. Mot. Interlocutory. Appeal, Apr. 20, 2023, Docket No. 62.)

## DISCUSSION

### I. STANDARD OF REVIEW

The federal courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291.  Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b).  That statute, in relevant part, provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, a party seeking certification for an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal

may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted).

A motion for certification "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation" and "was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty, Iowa. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Furthermore, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).

## II.     ANALYSIS

State Farm claims that whether Varela pled a viable MCFA claim is a controlling question of law because it is not a matter for the discretion of the trial court and because reversal of this Court's order would terminate the action. The Court will deny State Farm's motion because State Farm fails to satisfy the three requirements for the issue to be certified for appeal.

### A. Controlling Question of Law

The first requirement for an issue to be certified for interlocutory appeal under 28 U.S.C. § 1292(b) is that it involves a controlling legal question. "A question of law is controlling if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation." *Hazelden Betty Ford Found. v. My Way Betty Ford Klinic, GmbH*, No. 20-409, 2021 WL 3711055, at *3 (D. Minn. Aug. 20, 2021) (citation and quotation omitted). "A legal question of the type referred to in § 1292(b) contrasts with a matter for the discretion of the trial court." *White*, 43 F.3d at 377 (internal quotation omitted); *see also Fenton v. Farmers Ins. Exchange*, No. 07-4864, 2010 WL 1006523, at *2 (D. Minn. Mar. 16, 2010) (declaring there must be a controlling question of law, not merely a question of fact, to certify an order for interlocutory appeal).

First, the Court agrees that reversal of the February 13 Order would result in the termination of the action because the MCFA claim is the only claim remaining. This question is therefore controlling in that respect.

However, the issue State Farm asks the Court to certify for interlocutory appeal is not a controlling question **of law.** It is clear that a 'controlling question of law' means that only 'pure' questions of law may be certified for interlocutory appeal. Mixed questions of law and fact are inappropriate for such a proceeding." *Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, No. 08-6385, 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (citations omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co.*, No. 10-4948,

2015 WL 4898662, at *3 (D. Minn. Aug. 17, 2015) ("For the Court to certify an order for an interlocutory appeal, there must be a controlling question of law, not merely a question of fact").

While it is true that the resolution of this issue depends in part on the Court's interpretation of the insurance policy, which is a matter of law, whether Varela adequately pled a MCFA claim requires application of the legal question to the facts of this specific case, which is not a matter of "pure law." *Employers Reins. Corp. v. Mass. Mut. Life Ins. Co.*, No. 06-0188, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010), ("A question of law does not refer to an issue that is merely free from factual dispute, but rather it refers to matters of pure law, such as determining the meaning of a statute or regulation or deciding the appropriate legal standard to apply."), *aff'd sub nom. Employers Reins. Co. v. Mass. Mut. Life Ins. Co.*, 654 F.3d 782 (8th Cir. 2011); *see also S.E.C. v. First Jersey Sec., Inc.,* 587 F.Supp. 535, 536 (S.D.N.Y. 1984) (finding "an order ... not appropriate for certification pursuant to 28 U.S.C. § 1292(b)" where "an appeal would necessarily present a mixed question of law and fact, not a controlling issue of pure law").

State Farm seeks review of the Court's finding that Varela adequately pled the MCFA claim, which would require the Eighth Circuit to determine whether the Court has drawn reasonable inferences about State Farm's liability given the complaint allegations, provided that at the motion to dismiss stage, the Court considers all alleged facts as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Since the Court's

analysis necessarily depends on both the factual allegations contained in the complaint and the insurance policy, this issue is not one of "pure law" suitable for interlocutory appeal. The Court therefore finds that this is not a controlling question of law.

### B. Substantial Ground for Difference of Opinion

The second requirement for interlocutory appeal under 28 U.S.C. § 1292(b) is that there be substantial ground for difference of opinion. Substantial ground for difference of opinion exists if the party asking for interlocutory appeal has i**dentified "a sufficient number of conflicting and contradictory opinions [that] provide substantial ground for disagreement." *White*, 43 F.3d at 378 (internal quotation omitted)**. Merely a "dearth of cases" on the issue, without contradictory opinions, does not constitute substantial ground for difference of opinion. *Id.*

State Farm argues there is a substantial ground for difference of opinion here because the District of Minnesota recently considered a similar set of facts and held that the plaintiff in that case failed to state a viable MCFA claim. *See Grady v. Progressive Direct Ins. Co.*, No. 22-866, 2022 WL 18494898, at *4 (D. Minn. Nov. 30, 2022). In *Grady*, defendant Progressive Direct argued that the plaintiff did not plead enough factual content with particularity to allege a misrepresentation The court explained that the plaintiff conflated breach of contract with fraud—that she did "not allege fraud in the sale of the Policy" but instead alleged "that she did not receive the full value of her benefits" under the policy." *Id.* Overall, the *Grady* court concluded that the complaint failed to

allege fraud in connection with the sale of merchandise, the policy, and as such granted Progressive Direct's motion as to the MCFA claim. *Id.* at *5.

The Court is not convinced that the outcome of the plaintiff's MCFA claim in *Grady* meets the standard for a substantial ground for difference of opinion. First, the existence of a single contradictory **non-precedential** opinion does not rise to the level of substantial disagreement. *White,* 43 F.3d at 378 ("substantial ground for difference of opinion does not exist merely because there is a dearth of cases"). State Farm's citation to two out-of-circuit cases fares no better because those cases are not conflicting precedent within this circuit.

Moreover, the *Grady* decision is neither binding nor persuasive here because the facts alleged in the *Grady* complaint are distinct from Varela's allegations. Here, Varela adequately alleges that State Farm's "typical negotiation" practice violates the MCFA because State Farm had direct knowledge that its practice was against market realities and not authorized by the policy or Minnesota law. (Compl. ¶¶ 28–29, 55, 78, Apr. 15, 2022, Docket No. 1.) Thus, State Farm knew of this fraudulent conduct giving rise to a duty to disclose under the MCFA. *February 13 Order,* 2023 WL 1971753, at *7. Further, Varela alleged an affirmative misrepresentation: State Farm's policy expressly states that it will pay out actual cash value if an insured vehicle is determined to be a total loss. (Compl. ¶ 75.) In reality, State Farm pays out **less** than actual cash value by deducting a "typical negotiation" fee. *Id.* Varela adequately pled a causal nexus in State Farm's

behavior and Varela's harm by alleging that State Farm's fraudulent "typical negotiation" practice and the subsequent lack of full benefit of State Farm's contractual promise to pay the actual cash value to its insured. *Id.* Lastly, Varela demonstrated that her cause of action benefits the public because the practice goes beyond a one-on-one transaction, as State Farm systematically engages in this type of settlement that would impact all insureds if relief were granted. *Id.*

To the extent this Court's February 13 Order and *Grady* are in conflict, that conflict is due to how the relevant law **was applied** to the facts of each case. State Farm's assertion ultimately "focuses . . . on potential differences of opinion regarding the Court's application of law to the facts of the case, not the Court's legal interpretation." *Hazelden Betty Ford Found.*, No. 20-409 2021 WL 3711055, at *3 (D. Minn. Aug. 20, 2021). Thus, because State Farm has shown neither a controlling question of law nor that a substantial difference of opinion exists, the Court must deny its motion.

### C.  Materially Advance the Ultimate Termination of Litigation

Though State Farm fails to satisfy both the first and second elements for interlocutory appeal, the Court will consider the final factor for the sake of completeness. A party seeking certification for interlocutory appeal under 28 U.S.C. § 1292(b) bears the burden to show that an immediate appeal may materially advance the ultimate termination of the litigation. The Court may find that certification of an interlocutory appeal "would be appropriate if there would be a great amount of time and expense

required to proceed with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal." *Fenton*, 2010 WL 1006523, at *2.

Here, the Court's February 13 Order dismissed all but one claim: the MCFA claim. Thus, if the Eighth Circuit were to reverse the Court's holding on the MCFA claim, no issues would remain in this litigation and the case would be disposed.  However, State Farm **has already appealed** the Court's February 13 Order to the Eighth Circuit.  State Farm states that it appealed the Court's arbitration decision as a matter of right.  Accordingly, the MCFA claim is already before the Eighth Circuit and the Eighth Circuit currently has an opportunity to dispose of it by ordering arbitration.  In this way then, an interlocutory appeal will not necessarily save "a great amount of time and expense" since the Eighth Circuit is already considering an aspect of this claim.

If the decision is not reversed on the arbitration issue, Varela's fraud claim is better left to the District Court to develop the facts. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574–75 (1985) (explaining that a "trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise" such that deference to the original finder of fact is generally applicable because "[d]uplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources.").

Because State Farm failed to satisfy the three elements required under 28 U.S.C. § 1292(b) to certify the Court's February 13 Order for interlocutory appeal, the Court will deny State Farm's motion.  The Court will exercise its discretion and stay the proceedings until after the Eighth Circuit considers State Farm's existing appeal of the arbitration claim.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that courts have inherent power to stay proceedings to control its docket, conserve judicial resources, and ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants").

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that State Farm's Motion for Certification and for a Stay of Proceedings [Docket No. 56] is **GRANTED in part** and **DENIED in part** as follows:

1. State Farm's Motion to Certify for Interlocutory Appeal is **DENIED**; and
2. State Farm's Motion to Stay proceedings is **GRANTED**.

DATED:  August 7, 2023  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
United States District Judge